EMERGENCY MEDICAL SERVICES COMMISSION OF THE
TOWN OF EAST HARTFORD *v.* FREEDOM
OF INFORMATION COMMISSION
(7651)

DALY, STOUGHTON and NORCOTT, Js.

Argued June 9—decision released August 15, 1989

*Victor R. Perpetua,* commission counsel, with whom, on the brief, was *Mitchell W. Pearlman,* general counsel, for the appellant (defendant).

*David L. Griffith,* corporation counsel, for the appellee (plaintiff).

STOUGHTON, J. The defendant, Freedom of Information Commission (FOIC), appeals from the judgment of the trial court sustaining the plaintiff East Hartford Emergency Medical Services Commission's (EMSC) appeal and reversing the FOIC's determination that a meeting of the EMSC was held in violation of the notice provisions of General Statutes § 1-21 (a). We find no error.

On November 4, 1986, Wanda L. Franek, a member of the EMSC filed a letter of complaint with the FOIC. The letter asked the FOIC to hold a hearing to determine if the EMSC had held a meeting on October 27, 1986, in violation of the Freedom of Information Act.

The FOIC held a hearing on December 1, 1986, at which counsel for EMSC stipulated to the following: On October 27, 1986, there was a presentation by two ambulance providers in the office of the mayor of East Hartford before twenty to twenty-five people; four regular voting members of EMSC were present, identified as the chief of police, the fire chief, Marylee Hickey and Henry Genga; and four out of eight did not

constitute a quorum. Counsel stated that no votes were taken, no transactions occurred, no business was transacted and there were no actions taken.

The FOIC in its decision found that EMSC is a public agency. It found that on October 27, 1986, members of various municipal agencies attended a presentation made by two ambulance services in the office of the mayor. It found that EMSC is composed of nine members, that five members constitute a quorum and that four members of EMSC had attended the October 27 presentation. The FOIC further found that the absence of a quorum did not determine whether the gathering on October 27 was a "meeting" within the meaning of General Statutes § 1-18a (b). The FOIC also found that the October 27 gathering was a "proceeding of a public agency to discuss or act upon a matter over which it had supervision, control, jurisdiction, or advisory power," and that the EMSC had failed to prove that the attendance of its four members did not constitute a meeting within the meaning of § 1-18a (b). The FOIC concluded that "the meeting in question was held in violation of the notice provisions of [General Statutes] § 1-21 (a)." The FOIC ordered the EMSC henceforth to comply with the requirements of § 1-21 (a) and to ask both ambulance companies to make a second presentation to the EMSC before it took any action concerning ambulance services.

The EMSC appealed the FOIC's decision to the Superior Court. The EMSC alleged, inter alia, that the FOIC's decision was clearly erroneous in view of the record, and that it was arbitrary, capricious and an abuse of its discretion. It asserted aggrievement, inter alia, in that the FOIC's critical findings of fact were contrary to the record and without foundation and that the FOIC had misconstrued the definition of "meeting" contained in General Statutes § 1-18a (b); that the FOIC had placed an improper burden of proof upon the

EMSC and that the FOIC's wrongful interpretation had left the plaintiff without the knowledge to comply with the Freedom of Information Act.

The trial court sustained the EMSC's appeal. In sustaining the appeal, the trial court held that under General Statutes § 1-18a (b), "a hearing or other proceeding of a public agency" required the presence of a quorum at a proceeding because if the term "meeting" applied to the assembly of less than a quorum, then the phrase "any convening or assembly of a quorum of a multimember public agency" would have no definitive meaning. We disagree.

Where the words of a statute are clear and unambiguous, courts are not free to infer a meaning other than that expressed in its plain language. *Struckman* v. *Burns,* 205 Conn. 542, 545–46, 534 A.2d 888 (1987). "Courts cannot, by construction, read into statutes provisions which are not clearly stated." *Houston* v. *Warden,* 169 Conn. 247, 251, 363 A.2d 121 (1975).

The language of General Statutes § 1-18a (b) relevant to this appeal, defines "meeting" as follows: "any hearing or other proceeding of a public agency, any convening or assembly of a quorum of a multimember public agency, and any communication by or to a quorum of a multimember public agency . . . ."

The plain language of General Statutes § 1-18a (b) does not require a quorum as a necessary precondition to "any hearing or other proceeding of a public agency . . . ." The word "quorum" does not appear in the clause dealing with "any hearing or other proceeding of a public agency . . . ." The legislature did not define a meeting as any hearing or proceeding of a quorum of a public agency, as it might have done. It is clear from the definition of "public agency" in General Statutes § 1-18a (a) that a public agency may consist of one member alone.

The trial court's construction of § 1-18a (b) would make the quorum requirement in that section redundant. "No word in a statute should be considered as surplusage." *Harris Data Communications, Inc.* v. *Heffernan,* 183 Conn. 194, 197, 438 A.2d 1178 (1981). Beyond the trial court's statutory interpretation, no reason has been cited for reading a quorum requirement into the first clause of § 1-18a (b), nor are we aware of any.

Nevertheless, we are unable to set aside the trial court's judgment because there was an insufficient factual basis for the FOIC's finding that the presentation was a "proceeding of a public agency to discuss or act upon a matter over which it had supervision, control, jurisdiction or advisory power." " 'Where the trial court reaches a correct decision but on mistaken grounds, this court has repeatedly sustained the trial court's action if proper grounds exist to support it.' *Morris* v. *Costa,* 174 Conn. 592, 597–98, 392 A.2d 468 (1978)." *Herrmann* v. *Summer Plaza Corporation,* 201 Conn. 263, 274, 513 A.2d 1211 (1986).

Beyond the stated fact that the presentation was given by two ambulance services, the FOIC in its decision finds no facts that would support its conclusion that this was a "proceeding of a public agency." A review of the record also fails to disclose any such support.

The record reveals that twenty to twenty-five people, including the mayor, attended the presentation; four of these people were members of the EMSC. At the FOIC hearing, there was no evidence that any commission business was conducted at the presentation; in fact, the only remarks on the subject indicated that no such activity had occurred. There was no evidence as to who had planned or coordinated the presentation or who had issued the invitations. The members of the

EMSC who attended the presentation were not present at the FOIC hearing to testify, nor was there any testimony from anyone who had attended the presentation. The record fails also to reveal exactly what was presented by the ambulance services, how it was presented, how long it took, or how the presentation was conducted. The arguments of counsel before a hearing officer are not evidence upon which findings can be based. *New Haven* v. *Freedom of Information Commission,* 205 Conn. 767, 775, 535 A.2d 1297 (1988). While a newspaper article concerning the presentation was in the record, it sheds no light on whether it was a "proceeding" of the EMSC. In light of this record, it was clearly erroneous for the FOIC to conclude that the presentation was a "proceeding" within the meaning of General Statutes § 1-18a (b). Consequently, there is no basis for the FOIC's conclusion that the commission violated General Statutes § 1-18a (b).

There is no error.

In this opinion the other judges concurred.