SUPERINTENDENT OF POLICE OF THE CITY OF BRIDGE-PORT ET AL. *v.* FREEDOM OF INFORMATION
COMMISSION ET AL.
(14410)

PETERS, C. J., CALLAHAN, GLASS, COVELLO and BERDON, Js.

Argued March 31—decision released June 30, 1992

*John H. Barton,* associate city attorney, for the appellants (plaintiffs).

*Victor R. Perpetua,* with whom, on the brief, was *Mitchell Pearlman,* general counsel, for the appellee (named defendant).

CALLAHAN, J. This is an appeal from a judgment of the Superior Court dismissing the administrative appeal of the plaintiffs, the superintendent of police for the city of Bridgeport and the Bridgeport police department (plaintiffs), from a decision of the named defendant, the Freedom of Information Commission (FOIC).[1] In its decision, the FOIC had concluded that the information appearing in permits, issued by the plaintiffs, to carry pistols or revolvers in the city of Bridgeport was not exempt from disclosure pursuant to General Statutes § 1-19 (b) (2).[2] The plaintiffs appealed the deci-

---

[1] Also named as defendants in the trial court were the Fairfield County Advocate and Edward Ericson, an employee of that newspaper. They are not parties to the present appeal.

[2] General Statutes § 1-19 (b) (2) provides in pertinent part: "ACCESS TO PUBLIC RECORDS. EXEMPT RECORDS. . . .

"(b) Nothing in sections 1-15, 1-18a, 1-19 to 1-19b, inclusive, and 1-21 to 1-21k, inclusive, shall be construed to require disclosure of . . . (2) personnel or medical files and similar files the disclosure of which would constitute an invasion of personal privacy . . . ."

sion of the FOIC to the Superior Court pursuant to General Statutes §§ 1-21i (d) and 4-183. The trial court rendered judgment dismissing the plaintiffs' appeal from which the plaintiffs appealed to the Appellate Court. We transferred the appeal to ourselves pursuant to Practice Book § 4023.

The factual situation that precipitated the plaintiffs' appeal is undisputed. On October 7, 1987, a newspaper, the Fairfield County Advocate (Advocate), through an employee, Edward Ericson, requested the plaintiffs to furnish it with a list of all those residents of Bridgeport who possessed municipal permits to carry pistols or revolvers.[3] Ericson specified that for each permit

---

[3] General Statutes § 29-28 provides: "PERMIT FOR SELLING OR CARRYING PISTOLS OR REVOLVERS. No person shall advertise, sell, deliver, or offer or expose for sale or delivery, or have in his possession with intent to sell or deliver, any pistol or revolver at retail without having a permit therefor issued as hereinafter provided. The chief of police or, where there is no chief of police, the warden of the borough or the first selectman of the town, as the case may be, may, upon the application of any person, issue a permit in such form as may be prescribed by the commissioner of public safety for the sale at retail of pistols and revolvers within the jurisdiction of the authority issuing such permit. No permit for the sale at retail of any pistol or revolver shall be issued unless the applicant submits documentation sufficient to establish that local zoning requirements have been met for the location where the sale is to take place except that any person selling or exchanging a pistol or revolver for the enhancement of a personal collection or for a hobby or who sells all or part of his personal collection of pistols or revolvers shall not be required to submit such documentation for the location where the sale or exchange is to take place. Upon the application of any person having a bona fide residence or place of business within the jurisdiction of any such authority or upon the application of any bona fide resident of the United States having a permit or license to carry any firearm issued by the authority of any state or subdivision of the United States, such chief of police, warden or selectman may issue a permit to such person to carry a pistol or revolver within the jurisdiction of the authority issuing the same, provided such authority shall find that such applicant intends to make no use of any pistol or revolver which he may be permitted to carry thereunder other than a lawful use and that such person is a suitable person to receive such permit. Said commissioner may, upon application, issue, to any holder of any such permit, a permit to carry a pistol or revolver within the state. Each permit to carry any pistol or revolver shall be issued in tripli-

holder he desired to know the individual's name, birth-date, address, telephone number, occupation, sex, date of issuance of the permit and what weapons were registered to the individual. Initially, the plaintiffs informed Ericson that the information sought would be made available, but that it was not computerized and would take some time to produce. Thereafter, Ericson telephoned the plaintiffs regularly for approximately six weeks in an effort to obtain the requested information. That information, however, was not forthcoming. Thereafter, by letter dated December 7, 1987, the Advocate appealed to the FOIC alleging the wrongful denial of the desired data and requesting an order for its production.

On January 29, 1988, Commissioner Joan Fitch of the FOIC heard the Advocate's appeal as a contested case. At the hearing the plaintiffs volunteered to make available to the Advocate the information that was contained in the permits issued by the plaintiffs with the exception of the names and addresses of the permit holders. Fitch, however, determined that all the requested information was subject to disclosure except the permit holders' telephone numbers, which was not information appearing in the permits. She therefore recommended in her proposed finding to the FOIC that the plaintiffs be ordered to disclose the name, address, date of birth, occupation, and sex of all municipal permit holders and also the date the permits were issued and a description of any weapon registered.

The FOIC in a final decision dated April 27, 1988, and in a corrected final decision dated May 11, 1988,

cate and one of the copies issued by said commissioner shall be delivered to the person to whom issued, one shall be delivered forthwith to the authority issuing the local permit and one shall be retained by said commissioner, and the local authority issuing any such permit shall forthwith deliver one of such copies to the person to whom issued and one copy to said commissioner and shall retain one of such copies. No permit for carrying a pistol or revolver shall be issued to an alien under the provisions of this section."

substantially adopted Fitch's recommendations.[4] The FOIC concluded that the information requested by the Advocate, which appeared in municipal permits to carry pistols or revolvers, was not exempt from disclosure as a medical, personnel or "similar" file pursuant to § 1-19 (b) (2) and that its disclosure did not constitute an invasion of personal privacy under that subsection. The FOIC, therefore, ordered that the plaintiffs disclose the information appearing in the permits.

The plaintiffs appealed the FOIC's decision to the Superior Court. The trial court dismissed the plaintiffs' appeal. In its memorandum of decision, the court found that the plaintiffs were aggrieved parties and were entitled to maintain the appeal. It also found that the plaintiffs' copies of issued permits were public records that are kept on file or maintained by a public agency and that they were subject to disclosure unless they fell within the exception to disclosure set forth in § 1-19 (b) (2). Those findings are not disputed by either party. Finally, the court concluded that the plaintiffs had failed to prove that municipal permits to carry pistols or revolvers were medical, personnel or "similar" files exempt from disclosure under § 1-19 (b) (2).

The plaintiffs do not contend that a municipal permit to carry a pistol or revolver is a medical or personnel file. They argue instead that it is a "similar"[5] file within the meaning of § 1-19 (b) (2) and therefore exempt from disclosure.

---

[4] The FOIC did not require the disclosure of "any weapon registered" because that information is not included in a permit to carry a pistol or revolver and one does not have to "register" a particular pistol or revolver in order to obtain a permit. Moreover, neither Fitch, the FOIC nor the court required the disclosure of the results of the record check performed on each applicant for a permit by the Federal Bureau of Investigation.

[5] "Similar" is defined as "having characteristics in common: very much alike: comparable . . . ." Webster's Third New International Dictionary.

In considering the plaintiffs' argument, it must be noted initially that there is an "overarching policy" underlying the Freedom of Information Act (FOIA) favoring the disclosure of public records. *Chairman* v. *Freedom of Information Commission,* 217 Conn. 193, 196, 585 A.2d 96 (1991); *Hartford* v. *Freedom of Information Commission,* 201 Conn. 421, 431, 518 A.2d 49 (1986); *Maher* v. *Freedom of Information Commission,* 192 Conn. 310, 315, 472 A.2d 321 (1984). Our construction of the FOIA must be guided by the policy favoring disclosure and exceptions to disclosure must be narrowly construed. *Ottochian* v. *Freedom of Information Commission,* 221 Conn. 393, 398, 604 A.2d 351 (1992); *Rose* v. *Freedom of Information Commission,* 221 Conn. 217, 233, 602 A.2d 1019 (1992); *Lieberman* v. *State Board of Labor Relations,* 216 Conn. 253, 266, 579 A.2d 505 (1990); *Board of Police Commissioners* v. *Freedom of Information Commission,* 192 Conn. 183, 188, 470 A.2d 1209 (1984).

In keeping with that policy, the plaintiffs have the burden of proving that municipal permits to carry pistols or revolvers are "similar" to medical and personnel files and are therefore entitled to the exemption from disclosure provided such files by § 1-19 (b) (2). *Rose* v. *Freedom of Information Commission,* supra, 232; *Chairman* v. *Freedom of Information Commission,* supra; *Commissioner of Consumer Protection* v. *Freedom of Information Commission,* 207 Conn. 698, 702, 542 A.2d 321 (1988). "The plaintiffs must meet a twofold burden of proof to establish the applicability of the § 1-19 (b) (2) exclusion. First, they must establish that the [permits] in question are within the categories of files protected by the exemption, that is, personnel, medical or 'similar' files. Second, they must show that disclosure of the records 'would constitute an invasion of personal privacy.' " *Hartford* v. *Freedom of Information Commission,* supra, 431–32; *Ottochian* v. *Free-*

*dom of Information Commission,* supra, 399–400; *Chairman* v. *Freedom of Information Commission,* supra, 196; *Board of Education* v. *Freedom of Information Commission,* 210 Conn. 590, 595, 556 A.2d 592 (1989). "This burden requires the claimant of the exemption to provide more than conclusory language, generalized allegations or mere arguments of counsel. Rather, a sufficiently detailed record must reflect the reasons why an exemption applies to the materials requested." *New Haven* v. *Freedom of Information Commission,* 205 Conn. 767, 776, 535 A.2d 1297 (1988); *Emergency Medical Services Commission* v. *Freedom of Information Commission,* 19 Conn. App. 352, 357, 561 A.2d 981 (1989).

As previously noted, the plaintiffs do not contend that municipal permits to carry pistols or revolvers are medical or personnel files. The question to be resolved, therefore, is whether such permits are, as argued by the plaintiffs, "similar" files that are exempt from disclosure pursuant to § 1-19 (b) (2). If Bridgeport municipal permits to carry pistols or revolvers are not "similar" files within the purview of § 1-19 (b) (2), such permits are not exempt from disclosure and it is unnecessary to consider whether their release would constitute an invasion of personal privacy. *Hartford* v. *Freedom of Information Commission,* supra.[6]

The FOIA does not define what constitutes a "similar" file. We believe, however, that a municipal permit to carry a pistol or revolver is not a file "similar" to a medical or personnel file as envisioned by § 1-19 (b) (2). "We interpret the term 'similar files' to encompass only files similar in nature to personnel or medical files. This interpretation is consistent with our

---

[6] The trial court also concluded that the plaintiffs had failed to prove that the release of the information in the permits would constitute an invasion of personal privacy under General Statutes § 1-19 (b) (2).

policy of narrowly construing exceptions to the Freedom of Information Act. *Board of Police Commissioners v. Freedom of Information Commission,* 192 Conn. 183, 188, 470 A.2d 1209 (1984). We also recognize that when a reference to a general category follows an enumeration of specific categories, the general category is construed to embrace only objects similar to those included in the specific categories. *Anderson* v. *Ludgin,* 175 Conn. 545, 553, 400 A.2d 712 (1978); 2A J. Sutherland, Statutory Construction (4th Ed. 1986) § 47.18.'' *Hartford* v. *Freedom of Information Commission,* supra, 432 n.11.

In common parlance, a permit to carry a pistol or revolver is not "similar" to a medical or personnel file.[7] Unlike a personnel or medical file, a permit to carry a pistol or revolver does not contain detailed information with a potential for disclosure of the intimate details of one's personal life or capabilities.[8] To conclude that a permit to carry a pistol or revolver is "similar" to a medical or personnel file and therefore exempt from disclosure would be a broad interpretation of § 1-19 (b) (2) that would stretch the ordinary meaning of "similar" to the breaking point. Such an interpretation would be inconsistent with the general principle that exceptions to disclosure must be narrowly construed. *Ottochian* v. *Freedom of Information Com-*

---

[7] Words in a statute are to be given their generally accepted and commonly approved usage unless a contrary intent is clearly expressed. *Cos Cob Volunteer Fire Co. No. 1, Inc.* v. *Freedom of Information Commission,* 212 Conn. 100, 105, 561 A.2d 429 (1989); *Martone* v. *Lensink,* 207 Conn. 296, 302, 541 A.2d 488 (1988); *Kilpatrick* v. *Board of Education,* 206 Conn. 25, 28, 535 A.2d 1311 (1988).

[8] See, e.g., *Chairman* v. *Freedom of Information Commission,* 217 Conn. 193, 585 A.2d 96 (1991) (confidential evaluation of high ranking official in the department of criminal justice); *Hartford* v. *Freedom of Information Commission,* 201 Conn. 421, 518 A.2d 49 (1986) (internal investigation of police misconduct); *Board of Pardons* v. *Freedom of Information Commission,* 19 Conn. App. 539, 563 A.2d 314 (1989) (prisoner's complete file).

*mission*, supra, 398; *Rose* v. *Freedom of Information Commission*, supra, 233; *Lieberman* v. *State Board of Labor Relations*, supra, 266; *Board of Police Commissioners* v. *Freedom of Information Commission*, supra, 188. Narrowly construed, the term "similar" in § 1-19 (b) (2) cannot be extended to equate a permit to carry a pistol or revolver with a medical or personnel file.

The plaintiffs' most appealing argument for ascribing "similar" status, and hence confidentiality, to permits to carry pistols or revolvers is that of safety. The plaintiffs claim that if a list of permit holders was made public it would furnish a "shopping list" to the criminal element. They also claim that disclosure would warn criminals where they might encounter armed resistance to attempted criminal activity and thus possibly encourage violence on an escalated scale. There is, however, no evidence in the record that such results will occur unless pistol or revolver permits are exempt from disclosure. The plaintiffs' theory is grounded in speculation and given approbation solely by the arguments of counsel and is therefore an insufficient basis for overturning the decision of the administrative agency. *New Haven* v. *Freedom of Information Commission*, supra, 776; *Emergency Medical Services Commission* v. *Freedom of Information Commission*, supra, 357.

The plaintiffs also claim that the disclosure of the information contained in the permits is a violation of the permit holders' federal and state constitutional rights to privacy and to keep and bear arms. The plaintiffs do not claim that the state cannot legitimately impose reasonable restrictions on the right to bear arms nor do they contend that the requirement for the issuance of a permit to carry a pistol or revolver in public is an unreasonable restriction of that right. They appear to argue, however, that if the information in a permit is subject to disclosure, a permit holder must forfeit

the constitutional right to privacy in order to exercise his or her constitutional right to keep and bear arms. Consequently, they seem to claim that disclosure constitutes an infringement on both rights of the permit holder. The success of the plaintiffs' argument turns on whether the required disclosure of the information in a permit to carry a pistol or revolver violates a permit holder's constitutional right to privacy.

The plaintiffs have, however, failed to posit a theory that would allow them to assert the constitutional rights of the individual permit holders. " 'We have uniformly resisted the efforts of litigants to assert constitutional claims of others not in a direct adversarial posture before the court.' *Southern Connecticut Gas Co.* v. *Housing Authority,* 191 Conn. 514, 522, 468 A.2d 574 (1983)." *Dinan* v. *Board of Zoning Appeals,* 220 Conn. 61, 72, 595 A.2d 864 (1991). "Under long established principles, a party is precluded from asserting the constitutional rights of another." *Bell* v. *Planning & Zoning Commission,* 174 Conn. 493, 499, 391 A.2d 154 (1978).

We conclude that the plaintiffs have failed in their burden to demonstrate that municipal permits to carry pistols or revolvers in public are "similar" files entitled to exemption from disclosure by virtue of § 1-19 (b) (2) of the FOIA.[9] We also conclude that the plaintiffs have failed to establish standing to assert the constitutional rights of the individual permit holders who are not properly before us.

The judgment is affirmed.[10]

In this opinion the other justices concurred.

---

[9] A bill to exempt from disclosure under the FOIA the names and addresses of persons issued permits to carry pistols or revolvers was raised in the February, 1992 legislative session but never got out of committee. See Senate Raised Bill No. 333, Feb. Sess. 1992.

[10] The plaintiffs also claimed that the trial court was incorrect when it determined that their claims were moot and that a newspaper had a greater right to inspect government records than did the general public. We find these claims to be unsupported by the record and without merit.