[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I. Statement of the Case
The plaintiff, Lebanon Inland Wetlands Commission (IWC), appeals from a decision of the defendant Freedom of Information Commission (FOIC), holding that the IWC's policies violated the open meeting provisions of General Statutes 21(a). Also named as a defendant is Robert Munhall, a member of the general public who complained about the IWC policies to the FOIC. The plaintiff appeals pursuant to General Statutes1-21i (d) and 4-183.
II. Procedural History
The FOIC's final decision was mailed to the IWC and Munhall on September 30, 1992 as required by General Statutes4-183 (c). (Return of Record [ROR], Item 21.) The plaintiff served the FOIC by leaving papers with Jane S. Scholl, Associate Attorney General. (Sheriff's Return.) The plaintiff served Munhall by hand-delivering papers to him and by leaving papers with Brian R. Smith, his attorney. (Sheriff's Return.)
The FOIC filed an answer and return of record on January 4, 1993. The appeal was heard by the court. (Hurley, J.) on November 30, 1993.
III. Facts
On August 17, 1991, the defendant Munhall attended a field inspection of the IWC. (Supplemental ROR, Item 1, pgs. CT Page 2258 12-13.) The defendant received a letter dated August 23, 1991 from First Selectman, Richard R. Bauwens, notifying him that the general public did not have a right to attend IWC site walks. (ROR, Item 6.) First Selectman Bauwens also notified the IWC Chairman, James Macaw, about the attendance of the general public at site walks and suggested certain guidelines for handling these situations. (ROR, Item 7.) On September 9, 1991, the IWC held a regular meeting, at which First Selectman Bauwens' guidelines were distributed to all IWC members. (ROR, Item 8.) The guidelines state that when a member of the general public attends an IWC site walk, the IWC members should advise the owner of the site walk property that the person is not a member of the IWC; the person is not covered under town insurance, the person has no authority to be on private property for a site walk; and the person is trespassing unless the property owner has given his permission to the person. (ROR, Item 8.)
On October 19, 1991, Munhall attended a 9 a.m. site walk of the IWC. (Supplemental ROR, Item 1, pgs. 16-17.) There was a quorum of five IWC members at the site inspection. (Supplemental ROR, Item 1, pg. 24.) The property owner was not at home at that time and the members of the IWC did not object to Munhall's attendance on the site walk. (Supplemental ROR, Item 1, pgs. 17-18.) The IWC members and Munhall then went to another property for a second site walk. (Supplemental ROR, Item 1, pg. 18.) The property owner was present and an IWC member asked her if she would allow Munhall to come onto her property. (Supplemental ROR, Item 1, pg. 18.) The property owner granted permission to Munhall to come on her property and the site walk commenced. (Supplemental ROR, Item 1, pgs. The IWC members discussed their observations of the property, such as the type of soil and vegetation. (Supplemental ROR, Item 1, pgs. 35-36.)
On October 24, 1991, Munhall filed a complaint with the FOIC, appealing the IWC's policy on site inspections. (ROR, Item 1.) The FOIC conducted a hearing on the matter on May 8, 1992. (Supplemental ROR, Item 1, pg. 1.) At the hearing, Robert Slate, an IWC member, testified that the IWC conducts business of the commission during its site walks. (Supplemental ROR, Item 1, pg. 56.) The FOIC issued its final decision on September 30, 1992, ruling that the October 19, 1991 site walk constituted a meeting and, therefore, the IWC could not impose a condition precedent to Munhall's CT Page 2259 attendance. (ROR, Item 21.) The FOIC ordered the IWC to comply with the open meeting provisions of General Statutes1-21 (a) in conducting its future site inspections. (ROR, Item 21.)
IV. Jurisdiction
A. Aggrievement
The party bringing the appeal must show that it is aggrieved by the FOIC's decision. General Statutes 4-183(a) and 1-21i(d); Board of Pardons v. Freedom of Information Commission, 210 Conn. 646, 648, 566 A.2d 1020 (1989). "[T]he party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest" shared by the community as a whole. (Internal quotation marks omitted; citations omitted.) Zoning Board of Appeals v. Freedom of information Commission, 198 Conn. 498, 502,503 A.2d 1161 (1986). Also, "the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision." Id. Aggrievement is a jurisdictional question and the court may raise the issue of aggrievement even where the parties have not raised or discussed the issue. Winchester Woods Associations v. Planning and Zoning Commission of Madison, 219 Conn. 303, 307, 592 A.2d 953 (1991).
In the present case, the IWC alleges that it is aggrieved by the FOIC's decision. The FOIC's final decision orders the IWC to comply with General Statutes 1-21 (a) in the future. Since the noncompliance with an FOIC order is a class B misdemeanor, General Statutes 1-21k(b), the individual members of the IWC have a "specific and personal" interest in the validity of such an order. See Board of Pardons v. Freedom of Information Commission, supra, 650. Therefore, the court finds that IWC is aggrieved by the FOIC's final decision.
B. Timeliness of the Appeal and Service
A party bringing an appeal must file the appeal in the superior court within 45 days after the mailing of the final decision. General Statutes 4-183 (c). In the present case, the FOIC's final decision was mailed to Munhall and the IWC on CT Page 2260 September 30, 1992 and the IWC filed its appeal on November 2, 1992, within the 45 day time limit. Therefore, the time limit for filing the appeal was satisfied.
The party filing the appeal must serve the defendants within 45 days after the mailing of the decision. General Statutes 4-183 (c). The defendants in the present case were served on October 27, 1992, within the 45 day time limit. The plaintiff must also file the sheriff's return or an affidavit showing that the parties were served within 15 days after filing the appeal. General Statutes 4-183 (d). In the present case, the plaintiff filed an affidavit of service and the sheriff's return on November 12, 1992, within the 15 day time limit. Therefore, the IWC has met the service requirements.
V. Standard of Review
In ruling on an appeal from an administrative agency, the court may not substitute its judgment for that of the agency as to questions of fact. General Statutes 4-183 (j). The scope of review is very restricted. Board of Education v. Freedom of Information Commission, 208 Conn. 442, 452,545 A.2d 1064 (1988). "The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citations omitted.) Id.
"[T]he construction of a statute on an issue that has not previously been subjected to judicial scrutiny is a question of law on which an administrative ruling is not entitled to special deference." (Citation omitted.) Texaco Refining 
Marketing Co. v. Commissioner, 202 Conn. 583, 599,522 A.2d 771 (1987). "If, however, a governmental agency's `time-tested' interpretation of a statute is reasonable, that interpretation should be accorded great weight by the courts." (Citations omitted.) Id.
The plaintiff has the burden of proving that the agency acted improperly. Samperi v. Inland Wetlands Agency,226 Conn. 579, 587, 628 A.2d 1286 (1993).
VI. Discussion
The IWC claims that its site walks are not "meetings" CT Page 2261 within the meaning of General Statutes 1-21 (a) because no commission business is conducted during the inspections. Furthermore, the IWC argues that since a quorum of IWC members may not be present at a site walk, it cannot be a "special meeting" within the meaning of General Statutes 1-21 (a). The IWC also argues that since the town's insurance does not cover members of the public on private property, the IWC does not have authority to either deny or permit attendance of members of the public at site walks on private property. Finally, the IWC argues that since Munhall was not denied access to the site walk, the issue was moot.
The FOIC argues that site walks are public meetings and, therefore, the IWC policy requiring Munhall and other members of the public to obtain a private landowner's permission before accompanying the IWC members on site walks is in violation of General Statutes 1-21 (a). Munhall also argues that since commission business is conducted on site walks, the walks constitute public meetings. Munhall and the FOIC argue that Munhall's attendance at the site walk did not render the issue moot, since it was a direct violation of General Statutes 1-21 (a) to impose a condition precedent to Munhall's attendance.
The Freedom of Information Act (FOIA) "expresses a strong legislative policy in favor of the open conduct of government. . . ." Board of Education v. Freedom of Information Commission, supra, 450. The section of the FOIA directed to open meetings requires that "[t]he meetings of all public agencies . . . shall be open to the public." General Statutes 1-21 (a). The FOIA states further that "[n]o member of the public shall be required, as a condition to attendance at a meeting of any such body, to register his name, or furnish other information, or complete a questionnaire or otherwise fulfill any condition precedent to his attendance." The FOIA defines "meeting" as "any hearing or other proceeding of a public agency, any convening or assembly of a quorum of a multimember public agency . . . to discuss or act upon a matter over which the public agency has supervision, control, jurisdiction or advisory power." General Statutes 1-18a(b). General Statutes 1-18a(b) "does not restrict a meeting to a gathering at which a public agency takes action, or where it has a power to act, or where it has a matter pending before it. . . . It is enough to discuss or act upon a matter over which the public agency has supervision, control, jurisdiction or CT Page 2262 advisory power." Town of Sprague Planning Zoning Commission v. McLaughlin, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 298266 (June 21, 1988).
If a quorum is present, there is a meeting subject to the requirements of the General Statutes 1-21 (a). Ansonia Library Board of Directors v. Freedom of information Act,42 Conn. Sup. 84, 87, 600 A.2d 1058 (1991, Fuller, J.). However, the lack of a quorum does not take the agency proceedings out of the meeting requirements of General Statutes 1-21 (a). Emergency Medical Services Commission v. Freedom of Information Commission, 19 Conn. App. 352, 355-56,561 A.2d 981 (1989). Also, the FOIC has previously ruled that field trips or site trips are "meetings" within the meaning of the FOIA. Town of Sprague Planning Zoning Commission v. McLaughlin, supra.
In the present case, the record reveals that a quorum of the IWC was present at the October 19, 1991 site walk. (Supplemental ROR, Item 1, pg. 24.) Also, the record reveals that the IWC members discussed their observations about the property during the site walk. (Supplemental ROR, Item 1, pgs. 35-36.) The court finds that discussion about soil and vegetation on property that is the subject of a pending application constitutes commission business. Since a quorum was present and commission business was conducted, the site walk constituted a "meeting" within the meaning of General Statutes 1-18b(a). Furthermore, since the FOIC has previously determined that site trips and inspection trips are "meetings," the agency interpretation should be afforded great deference. See Texaco Refining Marketing Co. v. Commissioner, supra, 599; Town of Sprague Planning Zoning Commission v. McLaughlin, supra. Finally, the court determines that the issue before the FOIC was not moot since it is the policy of the IWC to impose a condition precedent to attendance at site walks and this issue is likely to recur in the future. Therefore, the IWC's appeal is hereby dismissed.
Hurley, J. CT Page 2263