[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Connecticut Alcohol and Drug Abuse Commission (CADAC) appeals the decision of the defendant Freedom of Information Commission (FOIC) which ordered CADAC to release certain of its records to defendant Kelvin Moore, who had been an employee of CADAC until his discharge by that agency. The court finds the issues in favor of the defendants.
The essential procedural facts are not in dispute. Moore had been employed by CADAC as a police officer at Blue Hills Hospital. Following complaints made against him by two co-employees, Charlene McBroom and Noemi Reyes, alleging sexual harassment, CADAC conducted an internal investigation. Based on that investigation, CADAC discharged Moore. Moore thereupon filed a grievance under his union contract. While the grievance procedure was pending, Moore requested the personnel director of Blue Hills Hospital to provide him copies of the complainants' personnel records and "(a)ny and all information regarding previous complaints of sexual harassment filed by Officers McBroom and Reyes, the investigation regarding those complaints and the findings by CADAC."
Shortly thereafter, CADAC notified Moore that it would not release the requested records to him, based on the objections of McBroom and Reyes. See General Statutes1-20a(c). Moore thereupon filed a complaint with the FOIC seeking an order requiring CADAC to release the records.
Following a hearing at which all interested parties appeared and testified, the FOIC issued a decision CT Page 2520 partially granting Moore's request. Specifically, the FOIC decision ordered CADAC to release the following documents to Moore:
1. excerpts from the personnel files of the two complainants, redacted to remove certain material;
2. CADAC's investigative report of a prior allegation of sexual harassment which had been made by one of the complainants, not involving Moore, and correspondence of CADAC's internal investigator concerning that prior complaint. The FOIC order also permitted CADAC to redact any portions of the report and correspondence that would identify third parties.
CADAC appeals only that portion of the FOIC decision pertaining to the sexual harassment report and correspondence. CADAC raises three issues as the bases of its appeal: (1) that the documents are exempt from disclosure under General Statutes 1-19(b)(2); (2) that General Statutes 46a-83 and 46a-68 prohibit CADAC from releasing the documents; and (3) that the documents are exempt from disclosure under 1-19b(b)(1).
In any FOIC proceeding, the burden of proving the applicability of a statutory exemption rests on the party claiming the exemption, CADAC in this case. Wilson v. Freedom of Information Commission, 181 Conn. 324, 341
(1980). Added to this burden is the "`overarching policy' underlying the Freedom of Information Act (FOIA) favoring the disclosure of public records . . . Our construction of the FOIA must be guided by the policy favoring disclosure, and exceptions to disclosure must be narrowly construed." (Citations and internal quotations omitted.) Superintendent of Police v. Freedom of Information Commission, 222 Conn. 621, 626 (1992).
In addition, other familiar rules delineate the court's scope of review of the FOIC's decision. "Judicial review of [an administrative agency's] action is governed by the Uniform Administrative Procedure Act (General Statutes, c. 54, 4-166 through 4-189), and the scope of that review is very restricted . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [administrative CT Page 2521 agency] . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citations and internal quotations marks omitted.) Board of Education v. Freedom of Information Commission, 208 Conn. 442, 452 (1988).
With respect to the interpretation of statutes governing administrative agencies, the court's role is also somewhat circumscribed. "Although the construction and interpretation of a statute is a question of law for the courts to decide . . . it is a well established practice of (the) court to accord great deference to the construction given (a) statute by the agency charged with its enforcement." Starr v. Commissioner of Environmental Protection, 226 Conn. 358, 372 (1993). This does not mean that the court must abdicate its adjudicative function in interpreting the law, but it does mean that where there are different but equally plausible interpretations of a statute, the court must give due deference to that followed by the administrative agency concerned. Id., 376.
I. Exemption Under 1-19
The plaintiff claims that the provisions of 1-19
exempt the sexual harassment investigative report and correspondence from disclosure under the freedom of information laws. Subsection (b)(2) of that statute provides, in pertinent part, that the freedom of information laws do not require disclosure of "personnel or medical files and similar files the disclosure of which would constitute an invasion of personal privacy."
Prior to issuing its final decision, the FOIC examined the documents in camera. In its decision, the FOIC found that the investigative report (in camera document #92-83-9) consisted of a statement of the issues, summaries of the investigator's interviews of witnesses, and the investigator's recommendations. The FOIC found that the correspondence file (in camera document #92-83-14) consisted of correspondence and memoranda between the CADAC affirmative action officer and witnesses. On the basis of these findings, the FOIC concluded that CADAC had not met its burden of proving CT Page 2522 that the documents in question were personnel, medical or "similar" files so as to be exempt from disclosure.
The court has also examined the documents in question. The FOIC's factual description of the documents is accurate and presumably undisputed. What the plaintiff does dispute is the FOIC's conclusions as to the nature of those documents in the context of 1-19(b)(2); that is, that they are not personnel or "similar" files. These conclusions are necessarily based on the agency's interpretation of the statute in the light of the specific evidence before it. The FOIC is, of course, the agency responsible for enforcing the freedom of information statutes. Following the rule of Starr v. Commissioner, supra, therefore, the court must give due deference to the FOIC's interpretation unless it is clearly unreasonable or arbitrary.
As indicated, the documents in question relate to an investigation of a sexual harassment charge brought within CADAC by one employee against another. The accused employee was not one of those involved in this case. The plaintiff argues, nevertheless, that the documents are "similar" to personnel files in that they contain "intimate details of particular individuals' personal life that could be embarrassing if disclosed." The FOIC adopts a narrower reading of the exemption, contending that such files are those containing work related personnel matters such as performance evaluations and attendance records, as well as details of the employee's personal and family life. Separate reports of incidents occurring in the workplace and investigations thereof are not "personnel files," as the FOIC interprets that term in the statute.
The parties' arguments are not dissimilar, and neither on its face is unreasonable. But the law requires that the plaintiff carry the burden of proving to the FOIC, and to this court, that the exemption applies. In order to sustain that burden in this case, CADAC had to prove that the FOIC's interpretation was unreasonable. It had to do that, moreover, in the context of a statutory scheme that favors disclosure. The court holds that CADAC's interpretation of 1-19(b)(2) must yield to that urged by the FOIC and concludes, therefore, that CADAC CT Page 2523 has not proved that the documents are exempt under the statute.
II. Exemption Under 46a-68 and 46a-83
Section 46a-68 requires that state agencies adopt and implement affirmative action plans. The statute also provides that such plans must be approved by the CHRO. Section 46a-83 provides that the results of discrimination investigations performed by the commission on human rights and opportunities (CHRO) are confidential. The sexual harassment investigation in this case was carried out by CADAC in accordance with its approved affirmative action plan.
CADAC argues that the confidentiality requirement in46a-83 is imported to the CADAC investigation because that investigation was performed pursuant to a plan approved by the CHRO. There is nothing in either statute, however, that provides explicitly or even suggests that the provisions of the CHRO investigative rules extend to "surrogate" investigations performed by entirely separate state agencies. The link is simply too tenuous, particularly with regard to issues involving the disclosure of public records where, as noted, the law disfavors secrecy.
Plaintiff CADAC also points out that the CHRO obtained some or all of the documents in question during the course of its independent investigation of the same charges. Therefore, CADAC argues, if it is forced to disclose those documents, that will in effect nullify the confidentiality requirements of 46a-83. Again, the court is not persuaded that the latter statute may be extended beyond its specific range, which encompasses only the investigatory activities of the CHRO. The plaintiff's arguments to the contrary may not be sustained.
III. Exemption Under 1-19b(b)
Section 1-19b(b) provides that the freedom of information laws may not be used to "affect the rights of litigants . . . under the laws of discovery of this state." CT Page 2524
It is undisputed that, at the time Moore requested the documents from CADAC, he was embroiled in the grievance proceeding against that agency and he wanted to examine those documents to determine whether they would be helpful to him in preparing his case. CADAC argues that this is an improper and prohibited use of the freedom of information statutes. This argument may not be sustained.
In its brief, plaintiff CADAC refers to "discovery procedures available to (Moore)." In this regard, the court notes that mandatory pretrial discovery is not always available in every dispute resolution proceeding. See Pet v. Department of Health Services et al, 207 Conn. 346,356-361 (1988).
CADAC has not specifically identified what rights it might have, under any "laws of discovery," that have been adversely affected by the FOIC's decision. In particular, it has not specified what discovery rules, if any, are available to the parties in the labor contract grievance procedure.
Furthermore, CADAC points to no authority to support its contention that its public records are exempt from disclosure to Moore merely because a grievance is pending between them. CADAC does not claim, for example, that a mediator, arbitrator or other official or court has determined that it has a right, under some rule of discovery, not to disclose the documents. If there had ever been any such determination, CADAC would have a strong argument that Moore's resort to the freedom of information laws is an interference with CADAC's rights under the discovery laws. The record is devoid of any indication, however, that either party has attempted to obtain discovery of any evidence in the course of the grievance proceeding, much less a ruling on the subject.
For the reasons set forth above, the court concludes that the plaintiff has not established that the FOIC's decision in this case violated 1-19b(b) so as to require its reversal.
The appeal is dismissed. CT Page 2525
MALONEY, J.