[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is an appeal by the chief of police of the Town of Southington from a decision of defendant Freedom of Information Commission that concluded that the plaintiff violated the provisions of §§ 1-15 and 1-19(a), C.G.S., by failing to provide defendant Gregory Thompson (complainant) with access to all police accident reports requested.
Defendant FOIC further found that the chief of police and the Southington Police Department are public agencies within the meaning of § 1-18a(a), C.G.S., and that the requested records are public records within the meaning of §§ 1-18a(d) and1-19(a).
Plaintiff does not dispute defendant FOIC's findings that it is a public agency and that the records and reports prepared by the police department regarding investigations of accidents are public records. The claim of the plaintiff is, that some of the police accident reports are exempt from disclosure under the provisions of § 1-19(a) and § 7-282, C.G.S.
Section 1-19(a) provides, in part:
 Except as otherwise provided by any federal law or state statute (emphasis added) all records maintained or kept on file by any public agency, . . ., shall be public records and every person shall have the right to inspect such records promptly . . . CT Page 9135 or receive a copy of such records in accordance with the provisions of § 1-15 . . .
Section 7-282 provides, in part:
 The police department of any city, town or borough having or receiving any memoranda, sketches, charts, written statements, reports or photographs made in the investigation of any accident wherein any person has been injured or property damages shall preserve and retain the same . . . . Subsequent to the final disposition of any criminal action arising out of an accident
(emphasis added), the records herein before specified and the information contained therein shall be open to public inspection, . . . .
By virtue of the aforesaid sections of the statutes, plaintiff alleges that some of the requested police accident reports are exempt from disclosure until the final disposition of any criminal action arising out of the accident. The final decision of defendant FOIC on June 23, 1993 includes enumerated findings, particularly
 "9. The respondent (Chief Perry) makes no claim that the requested records are exempt from disclosure."
It is a well recognized principle that the court cannot re-try the matter or substitute its own judgment for that of an administrative agency. Board of Education of New Havenv. Freedom of Information Commission, 208 Conn. 442, 452 (1988). Admittedly, there is an overarching policy underlying the Freedom of Information Act favoring disclosure of public records.Supt. of Police of City of Bridgeport v. Freedom of InformationCommission, 222 Conn. 621, 626 (1992). The burden of proving the applicability of an exception to the Act rests upon the party claims it. Rose v. Freedom of Information Commission,221 Conn. 217, 232 (1992).
A review of the record in this matter, including all of the exhibits admitted at the FOIC hearing and the transcript of the testimony before the FOIC hearing officer, indicates CT Page 9136 that the requested police accident reports by defendant Thompson included police accident reports in which citations or summons had been issued. Further, defendant Thompson, in his letter of complaint to the FOIC alleged that he was being denied access to police accident reports in which citations were issued. The exhibits also indicated that plaintiff William Perry, in his capacity as Chief of Police of the Town of Southington, responded to the complainant's request by forwarding him a copy of § 7-282, C.G.S. and indicating that in those cases where a citation or summons was issued, the police accident reports would not be available until final disposition of any criminal action arising out of an accident.
The court concludes that defendant FOIC erred in its finding No. 9 that the respondent (Perry) makes no claim that the requested records are exempt from disclosure. The record clearly demonstrates that a claim was made that some of the requested police accident reports are exempt from disclosure under the provisions of § 7-282 (those cases in which any criminal action was still pending). Whether the reports in such cases are exempt from disclosure should be determined by the agency administering the Freedom of Information Act. Defendant FOIC alleges that it did not consider any claim of exemption in that it was only concerned with the police accident report form in evidence (Exhibit C, Item #8 of the Record) and that it would review a claim of exemption when appropriately raised in another case. The court finds that the issue of exemption from disclosure in some cases was raised in the instant matter.
Accordingly, the court remands this case to the Freedom of Information Commission for a further hearing of the issue of whether police accident reports in which a citation or summons was issued are exempt from disclosure until the final disposition of any criminal action arising out of the accident. The court further notes that at such a hearing, the burden of proving an exemption shall be on the party claiming it, namely the plaintiff in this action.
JOSEPH H. GOLDBERG SENIOR JUDGE CT Page 9137