[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This administrative appeal has been brought by the Newington Housing Authority appealing a decision of the Freedom of Information Commission ("FOIC") ordering the Newington Housing Authority to provide certain documents requested by Vincent J. Lombardo. The decision of the FOIC was rendered on August 19, 1993. The appellant Newington Housing Authority has cited in the Freedom of Information Commission and Vincent J. Lombardo. This appeal was returnable on the third Tuesday of October, 1993. No challenge has been made as to the timeliness of the appeal.
Vincent J. Lombardo had requested from the Newington Housing Authority (as to rental units administered by them), "the names of the tenants and how much rent do they pay, their income, and the maximum income to qualify for a housing unit". (See Return of Record Item 1). There appears to be no claim CT Page 1357-K that the Authority did not provide the information (see Return of Record Items 4 and 5). Instead, the claim by Mr. Lombardo is that by the Authority providing each piece of information (the individual amounts of rent paid and income for each tenant) without matching it to the name of each tenant, the Authority violated the laws pertaining to Freedom of Information. On May 17, 1993 a hearing was held before FOIC Commissioner Hennick. At that hearing the Authority raised the issue of the confidentiality of a person's income and that it would be a breach of confidentiality to disclose it without the person's permission. The Authority also raised the issue as to whether such disclosure would violate guidelines of the State Department of Housing and assurances of confidentiality written on the application form utilized by applicants when they initially apply to qualify for a rental unit. The Authority provided a copy of those Regulations as a part of its case. These Regulations stated that the Authority was a public agency within the meaning of Connecticut General Statutes Sec. 1-18a. The Regulations then went on to list what were public records and what were exempt records. The Regulations state: "The following records are exempt from the disclosure requirements of sections 1-15, 1-18a, 1-19, 1-19a, 1-19b and by any law or by any rule or regulation, shall be public records...." It was found by the Freedom of Information Commission that these Regulations were neither federal law nor state statute and therefore provided no exemption. It was found that no exemption category in the state statute was met by these records, and, that the assurances of confidentiality made to the applicants had no binding effect. By way of remedy, the Hearing Officer ordered a listing of each tenant and the rent paid by that tenant but, in its discretion declined to order disclosure of the tenants' names with their annual income figures. (See Return of Record, Item 9). The Order of the FOIC embraced the Hearing Officer's decision but, instead, ordered the disclosure of the tenants' names with their annual income figures, as well. (See Return of Record, Item 10). It is from that order that this appeal was taken. For the reasons stated hereinafter the decision of the FOIC is Affirmed.
There is no dispute that the plaintiff is a public agency.
""The plaintiff[s] must meet a two-fold burden of proof to establish the applicability of the Conn. Gen. Stats. Sec. 1-19(b)(2) exemption. First, they must establish that the [permits] in question are within the categories of files protected by the exemption, that is, personnel, medical or `similar' files. Second, they must show that disclosure of the records `would constitute an invasion of personal privacy.'" Hartford v. Freedom ofInformation Commission, supra, 431-32; Ottochian v. Freedom ofInformation Commission, supra, 399-400; Chairman v. Freedom of InformationCommission, supra, 196; Board of Education v. Freedom of InformationCommission, 210 Conn. 590, 595, 556 A.2d 592 (1989). "This burden requires the claimant of the exemption to provide more than conclusory language, CT Page 1357-L generalized allegations or mere arguments of counsel. Rather, a sufficiently detailed record must reflect the reasons why an exemption applies to the materials requested. New Haven v. Freedom of Information Commission,205 Conn. 767, 776, 535 A.2d 1297 (1988); Emergency Medical ServicesCommission v. Freedom of Information Commission, 19 Conn. App. 352, 357,561 A.2d 981 (1989)." Superintendent of Police v. Freedom of InformationCommission, 222 Conn. 621, 626-627, 609 A.2d 998 (1992).
Our Supreme Court has had the opportunity to provide guidance in several cases as to the definition and import of the term "similar files." "We interpret the term `similar files' to encompass only files similar in nature to personnel or medical files. This interpretation is consistent with our policy of narrowly construing exceptions to the [a]ct. (Internal quotation marks omitted.) Superintendent of Police v. Freedom of InformationCommission, 222 Conn. 621, 627-28, 609 A.2d 998 (1992); Hartford v. Freedomof Information Commission, 201 Conn. 421, 432 n. 11, 518 A.2d 49 (1986)."Connecticut Alcohol Drug Abuse Commission v. FOIC, 233 Conn. 28, 40, ___ A.2d ___ (1995). The Supreme Court went on to say, "We conclude that such a determination requires a functional review of the documents at issue."Ibid at p. 40-41. This case, then, raises the question of whether a tenant's file kept by a public housing agency is "similar to" a personnel file, within the meaning of the statute.
The document at issue is a disclosure of the annual income of each of the tenants at the Newington Housing Authority rental facilities. The plaintiff argues that income records are similar to personnel records because of their intensely personal nature and their traditional character as exempt from disclosure in other contexts; hence, similar to personnel records. No further evidence was provided in support of these conclusory statements.
"In considering the plaintiff['s] argument, it must be noted initially that there is an overarching policy underlying the Freedom of Information Act (FOIA) favoring the disclosure of public records. Chairman v. Freedom ofInformation Commission, 217 Conn. 193, 196, 585 A.2d 96 (1991); Hartford v.Freedom of Information Commission, 201 Conn. 421, 431, 518 A.2d 49 (1986);Maher v. Freedom of Information Commission, 192 Conn. 310, 315, 472 A.2d 321
(1984). Our construction of the FOIA must be guided by the policy favoring disclosure and exceptions to disclosure must be narrowly construed.Ottochian v. Freedom of Information Commission, 221 Conn. 393,398, 604 A.2d 351 (1992); Rose v. Freedom of Information Commission,221 Conn. 217, 233, 602 A.2d 1019 (1992); Lieberman v. State Board of LaborRelations, 216 Conn. 253, 266, 579 A.2d 505 (1990); Board of PoliceCommissioners v. Freedom of Information Commission, 192 Conn. 183, 188,470 A.2d 1209 (1984)." Superintendent of Police v. Freedom of InformationCT Page 1357-MCommission, op. cit. at p. 626.
On other important issues of interpretation our courts have looked to federal case law for guidance. Board of Trustees v. Freedom of InformationCommission, 181 Conn. 544, 553 (1980). The plaintiff's attempt to do so in this instance, however, is fruitless. In Connecticut Alcohol Drug AbuseCommission v. FOIC, op. cit., p. 40 at footnote 13, the Supreme court wrote, "After examining the legislative history of the act, and also reviewing federal case law on the corresponding section of the federal Freedom of Information Act, we conclude that neither source provides useful insight into the meaning of `similar file' under our act. The legislative history is silent on the question of the meaning of `similar file.' The federal case law is not useful because the federal courts have construed the term `similar file' differently from how we have done so. See United States Dept.of State v. Washington Post Co., 456 U.S. 595, 102 S.Ct. 1957,72 L.Ed.2d 358
(1982)." Therefore, the plaintiff's reliance on federal case law as authority for its position is unavailing.
Other than federal authority, the plaintiff relies on Town of WestHartford, et al v. Freedom of Information Commission, 218 Conn. 256 (1991) as authority for finding that the information sought in this matter is a "similar file" under the exemption provisions of Connecticut GeneralStatutes Sec. 1-19(b)(2). The West Hartford case did not consider the statutory construction or interpretation, or the factual application, of the "similar files" provision of the statute. Instead it addressed the "personnel file" provision, in regard to the addresses of retired employees. The discussion of the privacy interests of these retired employees might have been relevant to the instant case in regard to the second part of the two-tiered test for disclosure.[1] The same is true for the plaintiff's reliance on Chairman v. Freedom of Information Commission, 217 Conn. 193
(1991) which considered the privacy interests of an individual whose performance evaluation at work was sought to be made public. In discussing the privacy interests of the employee, the Supreme Court had accepted the finding that the information sought was covered by the personnel or similar file statutory language. Therefore, the case provides relevant authority as to the second prong of the test, not the first. (Likewise, JudiciaryCommittee v. Freedom of Information Commission, 39 Conn. Sup. 176 (1983)).
Finally, plaintiff provides no authority for non-disclosure simply because the plaintiff led the tenant applicants to believe that the information sought would be maintained confidential.
For the reasons stated herein, the decision of the defendant Freedom of Information Commission is affirmed.
Lynda B. Munro, Judge CT Page 1357-N