[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE APPORTIONMENT COUNTERCLAIM
I
 PROCEDURAL HISTORY
The plaintiffs, Julian Evans, Beulah Jackson and Joseph McFadden, filed a three-count complaint dated January 16, 2002, against the defendants, Samuel Spinelli and Michelle Spinelli. The plaintiffs allege in all three counts that on or about June 16, 2001, the defendant Samuel Spinelli negligently operated a motor vehicle owned by the defendant Michelle Spinelli causing said vehicle to collide with the plaintiffs' vehicle and causing injuries and other damages to the plaintiffs. The plaintiff Evans was the operator and the plaintiffs Jackson and McFadden were passengers of the vehicle allegedly struck by the defendants.
On May 13, 2002, the defendants filed an answer that included a special defense and an apportionment counterclaim. The special defense alleges that the plaintiff Evans was himself negligent and proximately caused any injury, loss or damages sustained by the plaintiffs. The apportionment counterclaim alleges that the plaintiff Evans caused the vehicle he was operating to come into contact with the defendants' vehicle, thereby causing any injuries alleged to have been sustained by the plaintiff passengers. The counterclaim requests that the trier of fact apportion any liability found and any damages found as to the plaintiff passengers[1]
with the plaintiff Evans. On May 23, 2002, the plaintiffs filed a reply denying the allegations of the defendants' special defense.
On July 15, 2002, the plaintiff Evans filed a motion to strike the defendants' apportionment counterclaim on the ground that the plaintiff Evans is a party to the action and General Statutes § 52-102b
authorizes apportionment claims only against persons not already a party to the action. The plaintiff Evans filed a memorandum of law in support of his motion to strike pursuant to Practice Book § 10-42. On August CT Page 2112 2, 2002, the defendants filed a memorandum of law in opposition of the motion to strike pursuant to Practice Book § 10-42.
 II DISCUSSION
"[A] counterclaim is a cause of action existing in favor of the defendant against the plaintiff and on which the defendant might have secured affirmative relief had he sued the plaintiff in a separate action . . . A motion to strike tests the legal sufficiency of a cause of action and may properly be used to challenge the sufficiency of a counterclaim." (Citations omitted; internal quotation marks omitted.) Fairfield LeaseCorp. v. Romano's Auto Service, 4 Conn. App. 495, 495, 495 A.2d 286
(1985).
The plaintiff Evans moves to strike the defendants' apportionment counterclaim on the ground that the counterclaim improperly seeks apportionment against a person already a party to the action. The plaintiff Evans maintains that General Statutes § 52-102b authorizes apportionment claims only against persons not already parties to the action.
The defendants argue in their opposing memorandum that the judges of the Superior Court have been divided as to whether a defendant can assert an apportionment claim against a party to the action and that those who have held that such a claim is authorized by § 52-102b make a stronger argument than those who oppose such claims. The defendants also argue that § 52-102b (e) implicitly recognizes that a defendant can assert an apportionment claim against another party.
General Statutes § 52-572h (c) provides in relevant part that "[i]n a negligence action to recover damages resulting from personal injury . . . if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for such party's proportionate share of the recoverable economic damages and the recoverable noneconomic damages . . ."
Section 52-102b (a) provides: "A defendant in any civil action to which section 52-572h applies may serve a writ, summons and complaint upon aperson not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability." (Emphasis added.) "The judges of the Superior Court are currently split CT Page 2113 as to whether § 52-102b permits a defendant to bring an apportionment claim against a plaintiff in the action. Many judges hold that since the language of the statute specifically refers to `a person not a party,' it does not permit such claims. See, e.g., Rubbak v. Thompson, Superior Court, judicial district of Hartford, Docket No. 180009 (April 6, 2001, Lewis, J.) (29 Conn.L.Rptr. 316); Algea v. Barnett, Superior Court, judicial district of Bridgeport, Docket No. 334396 (July 17, 1997, Skolnick, J.) (20 Conn.L.Rptr. 100, 101); Somers v. Heise, Superior Court, judicial district of Waterbury, Docket No. 131563 (August 2, 1996, Vertefeullle, J.) (17 Conn.L.Rptr. 275); Samela v. Reed, Superior Court, judicial district of Litchfield, Docket No. 068641 (December 1, 1995, Pickett, J.). Some judges, however, have allowed the apportionment complaint. See. e.g. Sharif v. Peck, Superior Court, judicial district of New Haven, Docket No. 429034 (March 27, 2001, Blue, J.) (29 Conn.L.Rptr. 311) (holding that the apportionment claim should be allowed because the plaintiff was not a party to the action within the meaning of § 52-102b
(a)); Torres v. Begic, Superior Court, judicial district of New Haven, Docket No. 423742 (June 13, 2000, Levin, J.) (27 Conn.L.Rptr. 403, 404-06) (allowing the apportionment claim because § 52-102b (a) applies only when the defendant seeks to add a party); Farmer v.Christianson, Superior Court. judicial district of Rockville, Docket No. 71954 (May 4, 2000, Sullivan, J.) (27 Conn.L.Rptr. 196, 613) (allowing apportionment against a nondefendant)." Pryce v. Keane Thummel Trucking, Superior Court, judicial district of Hartford, Docket No. CV 00 0800961 (July 20, 2001, Berger, J.).
The defendants cite in their opposing memorandum to Sharif v. Peck, Superior Court, judicial district of New Haven, Docket No. CV 0429034 (March 27, 2001, Blue, J.) (29 Conn.L.Rptr. 311), a decision representative of the minority position. The court in Sharif denied the plaintiff driver's motion for summary judgment after concluding that an apportionment counterclaim was proper in a factual situation almost identical to the present case. The court, Blue, J., reasoned that the case was functionally two cases, the first being Plaintiff Driver v.Defendants and the second being Plaintiff Passenger v. Defendants. Had the plaintiff driver and the plaintiff passenger brought separate actions against the defendant, the plaintiff driver would not be a party to the action between plaintiff passenger and defendants. Judge Blue suggested that because the case was functionally two cases, the defendants were permitted to file an apportionment complaint against the plaintiff driver to ensure apportionment should the plaintiff passenger's claim succeed, as it must, on its own merits.
The majority of cases considering this issue, however, have refused to allow a defendant to bring an apportionment claim against a plaintiff. CT Page 2114 For instance, in Delmonica v. Paint World, Inc., Superior Court, judicial district of New Haven at Meriden, Docket No. CV 01 0276085 (August 16, 2001, Booth, J.), an automobile collision case, the defendants raised a special defense alleging negligence on the part of the plaintiff driver as the cause of the plaintiff passenger's alleged injuries and also filed an apportionment complaint against the plaintiff driver. The court found that "[t]he apportionment complaint and the special defense filed by the defendants serve the same purpose: to apportion liability pursuant to General Statutes § 52-572h (c)," and granted the plaintiff driver's motion to strike the apportionment complaint. Id. The court reasoned "that the bringing of an apportionment complaint under these facts is directly contrary to the explicit language of § 52-102b (a). The purpose of that section is to bring into court a party not already before the court in some capacity." Id.
This court adopts the majority view. "It is clear from the plain language of § 52-102b (a) that the statute applies only to personsnot already parties." (Emphasis added.) Pryce v. Keane Thummel Trucking,supra, Docket No. CV 000800961. "Where the words of a statute are clear and unambiguous courts are not free to infer a meaning other than that expressed in its plain language . . . Courts cannot, by construction, read into statutes provisions which are not clearly stated." (Citation omitted; internal quotation marks omitted.) Emergency Medical ServicesCommission v. Freedom of Information Commission, 19 Conn. App. 352, 355,561 A.2d 981 (1989).
The defendants in the present case have raised a special defense and are bringing an apportionment counterclaim against the plaintiff Evans alleging that his negligence was the cause of the plaintiff passengers' injuries and seeking an apportionment of liability. Accordingly, the assertion of the special defense and filing of the apportionment complaint serve the very same purpose. Because the plaintiff Evans is a party to the action and because any apportionment of liability necessarily will be accomplished pursuant to § 52-572h (c), the apportionment counterclaim is improper. "Since General Statutes [§] 52-572h (c) provides that all parties against whom recovery is permitted are liable only for their proportionate share of damages, and because [the plaintiff driver] is a party, his percentage of negligence will be considered by the jury . . . Moreover, a defendant need only plead a special defense of contributory negligence to ensure that the issue of a plaintiff's contributory negligence is before the jury." (Internal quotation marks omitted.) Lackard v. Vandecar, Superior Court, judicial district of Hartford, Docket No. CV 01 0806605 (January 7, 2002, Rittenband, J.T.R.). CT Page 2115
Accordingly, the court grants the plaintiff Evan's motion to strike the apportionment counterclaim.
 III CONCLUSION
The motion to strike is granted.
BY THE COURT
Peter Emmett Wiese, Judge