[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed October 3, 1996
In these cases the parties are the State of Connecticut Department of Public Safety (DPS) and the State of Connecticut Freedom of Information Commission (FOIC).
The cases both relate to FOIC proceedings in which internal affairs files involving investigations of complaints against Connecticut State Troopers were ordered disclosed by the FOIC over privacy right objections of the Troopers who were the subjects of the internal affairs investigations.
The parties agreed at oral argument that the cases should be consolidated; and they have been by this court.
The Appellants, to prevail on claims that the records ordered to be disclosed are exempted pursuant to General Statutes 1-19(b)(2), must meet the burden of proof to establish the applicability of the exemption. New Haven v. FOIC, 205 Conn. 767,775 (1989); Superintendent of Police v. FOIC, 222 Conn. 621, 626
(1992); Ottochian v. FOIC, 221 Conn. 393, 397 (1992); Rose v.FOIC, 221 Conn. 217, 232 (1992); Hartford v. FOIC, 201 Conn. 421,431 (1986); Maher v. FOIC, 192 Conn. 310, 315 (1984); Wilson v.FOIC, 181 Conn. 324, 328 (1980).
Section 1-19 (b)(2) involves a twofold burden of proof. "[F]irst, they must establish that the files in question are within the categories of files protected by the exemption, that is, personnel, medical or `similar' files. Second, they must show that disclosure of the records `would constitute an invasion of privacy'" Perkins v. FOIC, 228 Conn. 158, 168 (1993); Hartford v.FOIC, supra, 431-32; Superintendent of Police v. FOIC, 217 Conn. 193
(1991); Ottochian v. FOIC, supra, 399-400; Chairman v. FOIC,supra; Bd. of Ed. v. FOIC, 210 Conn. 590, 595 (1989). CT Page 6301
The parties agree and the law is clear that police internal affairs reports are personnel or similar files. Hartford v. FOIC,supra 431-32 (1986).
Thus, the outcome of these cases will turn on the second prong of the Perkins test whether the disclosure "would constitute an invasion of personal privacy."
At the hearings the DPS presented general evidence relating to the internal affairs files and Troopers' privacy concerns. The files themselves were not entered into evidence in any fashion before the FOIC or subject to in camera inspection by the FOIC.
The parties at the arguments on these appeals agreed to submit the sealed internal affairs files for the court's in camera inspection, pursuant to General Statutes 1-2li(d). The files remain sealed court exhibits after having been reviewed by the court. The parties also agreed that the FOIC counsel would receive a copy of such files, pursuant to a nondisclosure agreement.
Our Supreme Court in Perkins v. FOIC, supra 169-75, articulated a comprehensive definition of "an invasion of personal privacy" for the purpose of the General Statutes §1-19 (b)(2) exemption. The Court held at 228 Conn. 175:
 Informed by the tort standard, the invasion of personal privacy exception of § 1-19 (b)(2) precludes disclosure, therefore, only when the information sought by a request does not pertain to legitimate matters of public concern and is highly offensive to a reasonable person . . . we are judging an invasion of privacy in terms of the objective common law concept of the "reasonable person."
Appellant, to the contrary, asks that we apply a subjective standard or a modified objective standard of the "reasonable police officer" in judging the invasion of privacy.
The court will, as it must, apply the objective standard of the "reasonable person."
The Appellant also seeks to distinguish these appeals from other cases in which internal affairs reports have been disclosed CT Page 6302 on the basis of the conclusions of the reports. City of Hartfordv. FOIC, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 0275730 (August 29, 1984), aff'd,201 Conn. 421 (1986); New Canaan v. FOIC, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 176212 (December 1, 1982); New Canaan v. FOIC, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 179826 (October 6, 1982); McCarthy v. FOIC, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 225196 (6 C.L.T. 15, December 14, 1979); Bloomfield v. FOIC, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 145432 (May 13, 1978). The Appellant asserts that the DPS conclusion that the complaints were unsustained is grounds for nondisclosure.
Whether a complaint of police misconduct was sustained may effect the level of public interest; but the public has a continuing interest in the police fairly investigating such complaints. The fairness of the investigation would only be reviewable if the records are available.
The adoption of the standard urged by the DPS would also suggest the adoption of a balancing test which was expressly and repeatedly rejected by the Supreme Court, Chairman v. FOIC, supra
200-01 (1991), Perkins v. FOIC, supra, 175 (1993).
In Docket No. CV95-0555815S a citizen's complaint of a police assault of excessive force was thoroughly investigated. The interviews of neighbors, medical personnel and State Troopers failed to in any way corroborate the inconsistent and highly suspect claims of the complainant and his mother. The internal affairs investigation reasonably concludes that the complaint was unsubstantiated and exonerates the Trooper.
Nothing contained in the internal affairs report in evidence in Docket No. CV95-0555815S could be construed as highly offensive to a reasonable person in the circumstances of the Trooper who has objected to disclosure.
In Docket No. CV95-0555483S the internal affairs investigation and report concern an investigation of a citizen complaint that a Connecticut State Trooper was involved in a scandalous relationship with the complainant's wife.
The investigation appropriately explores the nature of CT Page 6303 intimate relationships between various parties, discussing the Trooper's marriage, and friendships. The Internal Affairs Investigation Executive Summary recommends that the complaint be classified as "Not Sustained," but criticizes the Trooper's judgment. An inquiry into personal and marital relationships suggests that we are in the sphere of personal and private information given protection under the tort law. Our Supreme Court in Perkins v. FOIC, supra, cited with approval § 652D of the Restatement (Second) of Torts and specifically comment (b) of § 652D which describes the type of protected information:
 Every individual has some phases of his life and his activities and some facts about himself that he does not expose to the public eye, but keeps entirely to himself or at most reveals to his family or to close personal friends. Sexual relations, for example, are normally entirely private matters, as are family quarrels, many unpleasant or disgraceful or humiliating illnesses, most intimate personal letters, most details of a man's life in his home, and some of his past history that he would rather forget. When these intimate details of his life are spread before the public gaze in a manner highly offensive to the ordinary reasonable man, there is an actionable invasion of privacy, unless the matter is one of legitimate public interest.
The court fails to find the legitimate public interest in the details of a personal relationship. The alleged public interest in the instant case is not articulated by a representative of the press or of disinterested citizens but rather the complainant suspicious husband.
The disclosure of the internal affairs file in Docket No. CV95 0555483S is exempt from disclosure pursuant to General Statutes § 1-19 (b)(2) as it would constitute an invasion of personal privacy.
The Appeal in Docket No. CV95-0555815S is dismissed.
The Appeal in Docket No. CV95-0555483S is sustained. The decision of the FOIC is overturned and the case is remanded to the FOIC for proceedings in accordance with this decision.
McWeeny, J. CT Page 6304