[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
These administrative appeals were consolidated by court order of February 18, 1997. The cases involve requests by Ms. Lyn Bixby, a reporter from the Hartford Courant Newspaper, seeking records maintained by the State of Connecticut Department of Corrections (DOC) and Department of Administrative Services (DAS) concerning investigations conducted by both agencies relating to Ms. Gail Egan, a former DOC employee. The DOC and DAS denied the requests prompting Ms. Bixby to complain to the State of Connecticut Freedom of Information Commission (FOIC).
The DOC and DAS both asserted that a disclosure of the records would constitute an invasion of Ms. Egan's privacy in violation of General Statutes § 1-19 (b)(2). Ms. Egan was a party in the DOC case before the FOIC and raised the same objection. The DOC and DAS submitted the extensive records for in camera inspection.
The FOIC issued final decisions #95-251 (the DOC case) on July 10, 1996 and #95-358 on September 25, 1996 (the DAS case) ordering release of the documents submitted for in camera inspection. The DOC appealed decision #95-251 on August 28, 1996. The DAS appealed decision #95-358 on November 12, 1996. The appeals are brought pursuant to General Statutes §§ 1-21i(d) and4-183. The briefs were filed by the DOC on February 26, 1997; the DAS on February 18, 1997; Gail Egan on February 24, 1997, the FOIC on April 8, 1997 and the Hartford Courant on April 9, 1997. The parties were heard at oral argument on July 16, 1997.
The cases are determined by the application of § 1-19
(b)(2)[1] the personal privacy exception to the Freedom of Information Act (FOIA). CT Page 7895
The FOIC found and the parties agree that the documents in question are within the category of files protected by the exemption, that is, personnel, medical or `similar' files. The files requested relate to the DOC investigation of Ms. Egan's conduct as manager of its Central Transportation Unit (CTU) from January 1993 to September 1995. As a result of such investigation Ms. Egan was dismissed from her employment with DOC in July of 1995. Ms. Egan appealed her dismissal to the DAS Office of Labor Relations (OLR). OLR set aside the dismissal and imposed a thirty day working suspension with back pay. In October of 1995 Ms. Egan was laid off from state service upon the elimination of her position in an agency reorganization.
The DOC and DAS records related to the investigation and appeal are personnel or similar files, Hartford v. FOIC,201 Conn. 421, 431-32 (1986).
The Plaintiffs (DOC; DAS and Egan), to prevail on their claim that the records ordered to be disclosed are exempted, pursuant to 1-19 (b)(2), must meet the burden of proof to establish the applicability of the exemption. New Haven v. FOIC,205 Conn. 767, 775 (1989); Superintendent of Police v. FOIC,222 Conn. 621, 626 (1992); Ottochian v. FOIC, 221 Conn. 393, 397 (1992);Rose v. FOIC, 221 Conn. 217, 232 (1992); Hartford v. FOIC,
supra at 431; Maher v. FOIC, 192 Conn. 310, 315 (1984); Wilsonv. FOIC, 181 Conn. 324, 328 (1980).
Our Supreme Court recently reviewed the burden in Departmentof Public Safety v. FOIC, 242 Conn. 79, 84-85 (1997) noting:
 It bears emphasis that the Perkins standard imposes two separate burdens on a person seeking to prove the right to an exemption on the ground of "an invasion of personal privacy." Recognizing the interests of the public, Perkins limits the exemption to cases in which the person resisting disclosure proves that the challenged information does not relate to "legitimate matters of public concern." Perkins v. Freedom of Information Commission, supra, 228 Conn. 175. Recognizing the interests of the individual, Perkins further limits the exemption to cases in which the person resisting disclosure proves that the challenged information would be "highly offensive," not to him or her subjectively, but to a reasonable person. CT Page 7896 See Kureczka v. Freedom of Information Commission,
supra, 228 Conn. 279. A party seeking to invoke the exemption under § 1-19 (b)(2) must meet each of these burdens of proof independently.
The Department of Public Safety decision also adopts a standard of review requiring the court "to consider both the subject matter of the reports that are here at issue and the specific information contained in each report." Id. at 85. It further advocated a "case-by-case basis" analysis "referring to the content of the specific records in question" Hartford v.FOIC, supra, 201 Conn. 434. Department of Public Safety v.FOIC, supra at 248 Conn. 87.
The records at issue were submitted in camera and were reviewed by the FOIC. They are sealed in the record and have been viewed by the court.
The records relate to alleged sexual harassment by Ms. Egan of a subordinate DOC employee. The conduct occurred primarily at the work site and during working hours. Both Ms. Egan and her accuser were management employees in the DOC.
Ms. Egan's defense in addition to denying the charges categorically, alleges sexual discrimination by the DOC
The FOIC has found that such records are a legitimate matter of public concern.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183 (j) provides that "[t]he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." In order to obtain reversal of an agency's decision, the plaintiff must demonstrate that he suffered "material prejudice as a result of this alleged procedural deficiency." Jutkowitz v. Departmentof Health Services, 220 Conn. 86, 94 (1991).
Furthermore, "Judicial review of conclusions of law reached CT Page 7897 administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." Conn. Light Power Co. v. Dept. of Public UtilityControl, 219 Conn. 51, 57-58 (1991). Similarly, "[w]ith regard to questions of fact, it is [not] the function of the trial court . . . to retry the case or to substitute its judgment for that of the administrative agency." Id. "The question is not whether the trial court would have reached the same conclusion but whether the record before the commission supports the action taken." Hospital of St. Raphael v. Commission on Hospitals Health Care, 182 Conn. 314, 318 (1980).
"Judicial review of [an administrative agency's] action is governed by the Uniform Administrative Procedure Act (General Statutes, c. 54, 4-166 through 4-189), and the scope of that review is very restricted . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [administrative agency] . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citations and internal quotation marks omitted.) Board of Education v. Freedom of InformationCommission, 208 Conn. 442, 452 (1988).
Nevertheless, where "the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." United Parcel Service, Inc. v.Administrator, Unemployment Compensation Act, 209 Conn. 381, 385
(1988).
"The Freedom of Information Act expresses a strong public policy in favor of the open conduct of government and free public access to government records." Wilson v. FOIC, 181 Conn. 324,328-29 (1980). "The general rule under the Freedom of Information Act is disclosure with exceptions to the rule being narrowly construed. New Haven v. FOIC, 205 Conn. 767, 774 (1988);Superintendent v. FOIC, 222 Conn. 621, 626 (1992); Ottochianv. FOIC, 221 Conn. 393, 397 (1992); Rose v. FOIC,
CT Page 7898221 Conn. 217, 232 (1992) and Perkins v. FOIC, 228 Conn. 158, 167 (1993).
Perkins v. FOIC, supra, notes at 228 Conn. 174: "The legislature has furthermore, determined that disclosures relating to the employees of public agencies are presumptively legitimate matters of public concern." In Perkins a public school teacher's attendance records were ordered disclosed despite the assertion of personal privacy claims.
In Dept. of Public Safety v. FOIC, supra, the court dealt with two separate police internal affairs investigation reports. The decision orders the disclosure of one of the two reports. The disclosed report concerned an unsubstantiated claim that a state trooper used excessive force in effectuating an arrest. The report which was found to not constitute a legitimate matter of public interest; concerned an alleged affair between a state trooper and a civilian.
In the instant case the allegations are of sexual harassment and sex discrimination. The harassment allegedly occurred between a supervisor and subordinate managerial employee of the DOC. The records reflect not only the DOC investigation of such charge, but its administrative response. The DAS files relate to the Office of Labor Relations hearing which overturned the DOC termination decisions. The records also relate to the DOC elimination of Ms. Egan's position following her reinstatement by DAS.
The court with its limited power of review can not conclude that the FOIC erred in concluding that the conduct of public employees during the course of their employment; a DOC investigation of a sexual harassment claim; a claim of sex discrimination and/or the operations of the DAS office of Labor Relations grievance process were not "legitimate matters of public concern." Sex discrimination in employment, of which sexual harassment is a component, is prohibited by both state and federal law. General Statutes § 46a-60, 42 U.S.C. § 2000, Title VII of the 1964 Civil Rights Act as amended. The legislation reflects a strong public policy opposing such discrimination and creates a legitimate public interest in its elimination, especially from public employment.
The § 1-19 (b)(2) exemption is only applicable if the records are of no legitimate public interest and highly offensive to a reasonable person. CT Page 7899
The Plaintiffs have not overcome the presumption that the records are legitimate matters of public concern.
The appeals are dismissed.
Robert F. McWeeny, J.