[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This appeal arises from the decision of the Freedom of Information Commission (FOIC) directing the Department of Public Safety (Department) to disclose an internal investigation report relating to the shooting of a civilian by a Connecticut State Trooper. For the reasons set forth below, the appeal is dismissed.
The facts underlying this case are essentially undisputed. On April 21, 1995, Trooper Benedict Liberatore was dispatched to confront an armed person. This person pointed a gun at the trooper and was shot and wounded by Trooper Liberatore. Pursuant to state police policy an internal affairs investigation of the incident was conducted to determine if the shooting was in accordance with state police procedures. Trooper Liberatore was not only exonerated by the investigation but was commended for his performance.
In conducting the internal affairs investigation, the Department incorporated witness statements gathered in connection with a criminal investigation, the civilian's driving history, and information relating to state police trooper deployment during shifts.
On or about April 10, 1996, a reporter for the Hartford Courant, CT Page 862 Tracy Thomas[1], requested the internal affairs report from the Department. On April 12, 1996, the Department sent a letter to Trooper Liberatore pursuant to General Statutes § 1-20a(b) affording him an opportunity to object to the disclosure of the investigation, see § 1-20a(b). Trooper Liberatore objected to the disclosure and the Department by letter of April 23, 1996, denied the requested records. The basis for the denial was the inclusion of exempt medical records, General Statutes § 1-19 (b)(2); witness statements General Statutes § 1-19 (b)(3)(B); investigatory techniques, General Statutes § 1-19 (b)(3)(D); and motor vehicle operation license information, General Statutes § 14-10 (C). Thomas and the Courant on May 1, 1996, complained to the FOIC.
The FOIC held a hearing on the complaint on August 20, 1996. At the hearing, Thomas and Trooper Liberatore testified.
The FOIC in its decision dated November 20, 1996, and issued December 4, 1996, ordered that the internal investigation report be disclosed in its entirety. The plaintiff filed this appeal on January 3, 1997. The FOIC decision was ordered stayed during the pendency of this appeal. The Record was filed on April 1, 1997. Briefs were filed by the Department on May 21, 1997, and the FOIC on August 14, 1997. Answers were filed on November 17 and 18, 1997. The FOIC's brief was adopted by the other defendants on August 15, 1997. The parties were heard in oral argument on November 18, 1997.
In its brief plaintiff claims that the FOIC erred by failing to exempt from disclosure those portions of the internal affairs file which are: signed witness statements taken in connection with a criminal investigation of the person who threatened the Troopers, § 1-19 (b)(3)(B); shift records which reflect trooper deployment, § 1-19 (b)(3)(D); and motor vehicle operator license information, § 14-10 (c). The other issues raised in the appeal but not briefed are viewed as abandoned. Collins v. Goldberg,28 Conn. App. 733, 738 (1992).[2] Plaintiff essentially argues that the FOIC erred by deciding that items exempted by law lose that exemption when incorporated into an internal affairs investigation report. (See plaintiffs' brief p. 6.)
The decision reveals that the FOIC did consider the claimed exemptions and found that the Department failed to CT Page 863 prove they applied under the facts of this case.
The overarching legislative policy of the Freedom of Information Act (FOI) is "the open conduct of government and free public access to government records." Wilson v. FOIC,181 Conn. 324, 328 (1980). See Chairman v. FOIC,217 Conn. 193, 196 (1991); Maher v. FOIC, 192 Conn. 310, 315 (1984). "The general rule under the [FOI] is disclosure with exceptions to the rule being narrowly construed." Perkinsv. FOIC, 228 Conn. 158, 167 (1993); Superintendent v. FOIC,222 Conn. 621, 626 (1992); Rose v. FOIC, 221 Conn. 217, 232
(1992); New Haven v. FOIC, 205 Conn. 767, 775 (1988).
The plaintiffs in order to prevail on their claim that the records ordered to be disclosed are exempted from such disclosure pursuant to statute, must meet the burden of proof to establish the applicability of the exemption.Superintendent v. FOIC, supra, 22 Conn. 626; Ottachion v.FOIC, 221 Conn. 393, 397 (1992); Rose v. FOIC, supra,221 Conn. 232; New Haven v. FOIC, supra, 205 Conn. 775;Hartford v. FOIC, 201 Conn. 421, 431 (1986); Maher v. FOIC, supra, 192 Conn. 315; Wilson v. FOIC, supra, 181 Conn. 328.
Plaintiffs claim that the witness statement and the trooper shift schedule are respectively exempt from disclosure under § 1-19(b)(3)(B) and 1-19(b)(3)(D).[3]
In order to meet its burden of proof as to the applicability of these exemptions, the plaintiff must prove that:
 1) records of law enforcement agencies are not otherwise available to the public;
 2) records of law enforcement agencies were compiled in connection with the detection or investigation of crime; and
 3) disclosure of said records would not be in the public interest.
Plaintiffs have failed to meet that burden in several respects. In the first instance police internal affairs investigations are personnel or similar records, which under § 1-19 (b)(2) are available unless their disclosure would CT Page 864 constitute an invasion of privacy. Hartford v. FOIC, supra,201 Conn. 431-32; see Department of Public Safety v. FOIC, supra, 242 Conn. 84 (which found as in this case that an internal affairs report which exonerated a trooper for the performance of his duty did not invade his privacy). Thus, the items in the internal affairs reports are otherwise available to the public.
Plaintiffs also failed to establish that disclosure of the witness statements, and duty roster would not be in the public interest. The Record reveals that no criminal investigations are outstanding as to anyone related to the incident. The recognized policies generally favoring disclosure of public records and specifically favoring disclosure of internal affairs reports may not be overcome by an unsubstantiated claim.
The troopers' work schedule contained in the internal affairs report contains references to assignments. (Desk or areas 1-6.) The Department claims that such information reveals investigatory technique. However, there is no evidence other than the schedule itself which explains the assignments; or substantiates the significance of patrol assignments as investigatory technique not otherwise known to the public. The test under § 1-19 (b)(3)(D) is not only that investigatory techniques are disclosed, but that such disclosure would not be in the public interest. "The commission [FOIC] is not obliged to accept an agency's generalized and unsupported allegations relating to documents claimed to be exempt from disclosure." Hartfordv. FOIC, supra, 201 Conn. 434-35. (Internal quotation marks and citations omitted.)
The Department asserts that § 14-10 (c)[4] serves to prohibit the disclosure of the motor vehicle license information contained in the internal affairs report.
The commission has correctly determined that § 14-10 (c) only prohibits the dissemination of such information by the commissioner of the department of motor vehicles. Section14-10 (c) as an exception to the general disclosure policy of the FOI is to be narrowly construed. New Haven v. FOIC, supra, 205 Conn. 774. A narrow construction precludes the use of § 14-10 (c) to prevent the disclosure of license information compiled in an internal affairs report. CT Page 865
Plaintiffs' appeal is dismissed.
Robert F. McWeeny, J.