[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs are the chief of the New Haven Police Department, the Department, and David Adams, a former employee of the police department. The defendants are the CT Page 3541 freedom of information commission and Ernest Weber. The plaintiffs appeal a decision of the commission ordering the police department to disclose to Weber certain records pertaining to eleven present and former members of the department. The commission acted pursuant to provisions of the state freedom of information statutes. The plaintiffs appeal pursuant to General Statutes § 4-183. The court finds the issues in favor of the defendant commission.
The facts essential to the court's decision are not in dispute and are fully reflected in the record. On March 26, 1994, defendant Weber wrote the police department requesting "all file records information on the following police officers," and listing eleven names. Weber stated that he was relying on the Freedom of Information Act. The police promptly rejected the request, on the grounds that the information was exempt from the requirements of the freedom of information statutes. Weber thereupon filed a complaint with the commission.
The records maintained by the police department that would be covered by Weber's blanket request consisted of personnel files and internal investigation files. Weber subsequently revised his request to include only records showing wrongdoing or misconduct by the named police officers.
The commission held two evidentiary hearings on Weber's complaint. The police department did not produce the disputed records for examination by the hearing officer, in camera or otherwise. The two witnesses who testified in behalf of the police did not specify what was in any files that showed wrongdoing or misconduct, which were the only records sought by Weber.
Evidence at the hearings also showed that the police department and the individual police officers did not comply with the provisions of General Statutes § 1-20a(b) and (c), which establishes the procedure by which a public employee can object to the disclosure of records pertaining to him. In particular, subsection (c) provides that "a public agency . . . shall disclose the records requested unless it receives a written objection from the CT Page 3542 employee concerned . . . within seven business days from the receipt by the employee of the notice (advising the employee of the request)." None of the employees concerned in this case sent any timely written objection.
General Statutes § 1-19 (a) of the Freedom of Information Act provides, in relevant part, "[e]xcept as otherwise provided by any federal law or state statute, all records maintained or kept on file by any public agency . . . shall be public records and every person shall have the right to inspect such records promptly during regular office or business hours or to receive a copy of such records. . . ." Section 1-19b(a) underscores this broad mandate by requiring that § 1-19 be "[c]onstrued as requiring each public agency to open its records concerning the administration of such agency to public inspection." There is an "'overarching policy' underlying the Freedom of Information Act (FOIA) favoring the disclosure of public records . . . Our construction of the FOIA must be guided by the policy favoring disclosure, and exceptions to disclosure must be narrowly construed." (Citations and internal quotation marks omitted). Superintendent ofPolice v. Freedom of Information Commission, 222 Conn. 621,626 (1992). The burden of proving the applicability of an exception rests with the party claiming the exception. Wilson v. Freedom of Information Commission,181 Conn. 324, 329 (1980).
In the present case, the plaintiffs sought to withhold certain public records from disclosure on the basis that they are exempt under § 1-19 (b)(2). Such an exemption is available for records that are proven to be "personnel or medical files and similar files the disclosure of which would constitute the invasion of personal privacy." The Supreme Court has held that in order to obtain the exemption on the basis of an "invasion of personal privacy" the person must prove that "the information sought by the request does not pertain to legitimate matters of public concern and is highly offensive to a reasonable person." Connecticut Alcohol Drug Commission v. FOIC, 233 Conn. 28, 43 (1995), citingPerkins v. FOIC, 228 Conn. 158, 175 (1993).
The court's review of the record in this case supports the conclusion of the commission that the CT Page 3543 plaintiffs failed to sustain their burden of proving that the § 1-19 (b)(2) applied to the records sought by Weber. Most critically, the plaintiffs failed to produce the records for actual examination by the commission's hearing officer. Instead, the plaintiffs attempted to rely on some generalized testimony about personnel records and some conclusory assertions about what the records might contain. Our Supreme Court has emphatically held that such non-specific evidence is insufficient to support the invasion of privacy exemption. The freedom of information commission "should not accept an agency's generalized and unsupported allegations relating to documents claimed to be exempt from disclosure . . . Unless the character of the documents in question is conceded by the parties, an in camera inspection of the particular documents by the commission may be essential to the proper resolution of a dispute under the act." Wilson v.Freedom of Information Commission, 181 Conn. 324, 340
(1980).
Based on the evidence in the record before it, the defendant commission correctly held that the plaintiffs had not established that the records sought by complainant Weber were exempt under § 1-19 (b)(2). The commission s order must, therefore, be affirmed.
The appeal is dismissed.
MALONEY, J.