[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MARCH 20, 1997
This administrative appeal concerns the application of the "meeting" definition (General Statutes § 1-18a(b)) contained in the Freedom of Information Act (hereinafter "FOIA") (General Statutes § 1-7 et seq.).
The parties to the case are the Town of Windham and the Freedom of Information Commission (hereinafter "FOIC").
The undisputed facts are as follows. The Windham Board of Selectmen is a public agency within the meaning of General Statutes § 1-18a(a).
Four of the Windham Selectmen (including First Selectman Walter Pawelkiewicz) and the Chairman of the Windham Board of Finance met on March 20, 1995 for approximately one-half hour. At the meeting they discussed, for five to ten minutes, whether or not they would support the First Selectman's proposal that the Selectmen would go into executive session during their March 21, 1995 regular meeting to discuss the Nasen land fill contract matter. The Selectmen arrived at a consensus that they would support going into executive session at the March 21, 1995 meeting to discuss the land fill contract.
The issue presented is whether the March 20, 1995 gathering constituted a meeting for purposes of the FOIA.[1]
CT Page 2237
The Town does not dispute that the proceedings of March 20, 1995 would fit into the general definition of meeting contained in the first sentence of General Statutes § 1-18a(b).[2] The claim is that it was exempted by the succeeding sentence of General Statutes § 1-18a(b) which provides in pertinent part: "`Meeting' shall not include . . . communications limited to notice of meetings of any public agency or the agendas thereof."
In applying the FOIA we understand that "The Freedom of Information Act expresses a strong public policy in favor of the open conduct of government and free public access to government records." Wilson v. FOIC, 181 Conn. 324, 328-29 (1980). "The general rule under the Freedom of Information Act is disclosure with exceptions to the rule being narrowly construed." New Havenv. FOIC, 205 Conn. 767, 774 (1988); Superintendent v. FOIC,222 Conn. 621, 626 (1992); Rose v. FOIC, 221 Conn. 217, 232 (1992); and Perkins v. FOIC, 228 Conn. 158, 167 (1993).
The exclusion of communications limited to notice of meeting and/or agendas of meetings is an exception to a "strong public policy in favor of the open conduct of government," and thus, must be narrowly construed.
The March 20, 1995 gathering not only included communication of notice of an agenda item, but discussion of why such item needed to be considered in executive session, and reaching a consensus on an executive session. The Windham First Selectman[3] requested that one of the other Selectmen should move for an executive session on the land fill item and requested the support of the Selectmen for such a motion. A brief discussion as to the reasons necessitating an executive session was held.
The proceedings of March 20, 1995 were clearly not limited to notice of an agenda item. The discussion considered the merits of the motion and gathered support for the motion.
The Town argues that there is no evidence of improper motive on the part of any of the participants in the March 20, 1995 meeting; that the FOIC is being impractical; and that the law will be difficult for public agencies to comprehend.
The law is enacted by the legislature in furtherance of a strong public policy of the open conduct of public business. The FOIA is empowered and directed by the legislature to enforce the CT Page 2238 law. (General Statutes § 1-21j.)
Our Supreme Court has held that "[a]lthough the legislature's narrowly tailored approach to the FOIA exclusions and exemptions may add a layer of complexity to agency administration, the legislature implicitly has decided that the associated costs are outweighed by the benefits derived from open government."Glastonbury Education Assn. v. FOIC, 234 Conn. 704, 714 (1995).
Here, the reasons why the land fill contract was to be considered in executive session should have been discussed in open public session on March 21, 1995. It is not consistent with the open conduct of public business when the public meeting is proceeded by a closed door bipartisan rehearsal wherein substantive decisions (whether or not to move to executive session) are discussed and resolved.
The appeal is dismissed.
McWEENY, J.