[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this case the State of Connecticut Department of Environmental Protection (hereinafter "DEP") appeals from the final decision of the State of Connecticut Freedom of Information Commission (hereinafter "FOIC") ordering the DEP to provide Mark Errico access to or copies of information, shellfish harvesters voluntarily provide the DEP, reporting the specific landings of oysters and clams by volume and value.
The parties to this appeal are the DEP, the FOIC and Mr. Errico. The appeal is brought pursuant to General Statutes §§1-21i(d) and 4-183.
The dispute was initiated by Mr. Errico's desire to obtain the reports of individual companies revealing the landings of oyster and clams in bushel and dollars. The DEP collects the information on forms provided to the shellfish harvesters. (R. #1, attachments.) The shellfish harvesters are advised that the information will be aggregated for Connecticut as to total landings of each species, number of workers employed in market shellfish harvesting and number of boats and vessels operated. The harvesters are assured that individual reports are strictly confidential and only aggregate summary data is forwarded to the National Manne Fisheries Service for publication in "Fishery Statistics of the United States." (R. #16.)
The shellfish harvesters solicited by the DEP for such information are the nineteen commercial shellfish harvesters licensed by the State of Connecticut Department of Agriculture. Commercial fishing is regulated by the DEP pursuant to Chapter 490 of General Statutes §§ 26-1 to 26-186 relating to Fisheries and Game.
Shellfish harvesting is more akin to farming, while fishing is analogous to hunting (R.# 17, p. 16). Section 26-1 defines fishing as "taking or attempting to take any finfish crustacea or bait species for commercial purposes or by the use of any commercial fishing gear." Crustaceans include lobsters, crabs, shrimp and barnacles: but not edible shellfish, such as clams and oysters which are mollusks. American Heritage Dictionary of the English Language pp. 247, 318, 846, 939 (1975). Also, "commercial fishing gear" defined in § 26-1 does not include dredges, which are used to harvest shellfish (R. #16). Apparently in recognition of this distinction "The Department of Agriculture shall be the lead agency on shellfish in Connecticut." Chapter CT Page 2386 491 State Shellfisheries § 26-192a. The Department of Agriculture, as directed by § 26-192a, "shall coordinate the activities of other state agencies with regard to shellfish." DEP conservation officers are empowered pursuant to § 26-6 to enforce the licensing provision for shellfish harvesters set forth in § 26-192c — 26-192h.
A review of this regulatory scheme is if not necessary, educational, in order to consider one of the plaintiff's claims to exemption of these reports from the Freedom of Information Act's (FOIA) reach.
In that the documents are in the DEP's possession there is no question that they are public records, § 1-18a(d). Public records are disclosable to the public under the general rule of § 1-19. "Except as otherwise provided by any federal law or state statute, all records maintained or kept on file by any public agency . . . shall be public records and every person shall have the right to inspect such records. . . .
The DEP asserts § 26-157b(c) as the state statutory basis of the exemption of these reports from individual shellfish harvesters. Section 26-157b(c) does specifically exempt reports from fishing licensees described in § 26-157b(a) and reports "submitted voluntarily upon request of the Commissioner. . . ."
The DEP introduced evidence as to their intent to cover these types of reports in supporting this legislation. The court accepts the testimony as to the DEP, but that is not evidence of the legislative purpose or intent in enacting § 26-157b(c).
Section 26-157b(c) is an exemption to the FOIA. "The general rule under the Freedom of Information Act is disclosure with the exceptions to this rule being narrowly construed. The burden of establishing the applicability of an exemption clearly rests upon the party claiming an exemption." Perkins v. FOIC, 228 Conn. 158. 167 (1993); Superintendent v. FOIC, 222 Conn. 621, 626 (1992);Rose v. FOIC, 221 Conn. 217, 232; Ottochian v. FOIC,221 Conn. 393, 397 (1992); New Haven v. FOIC, 205 Conn. 767, 775 (1988);Hartford v. FOIC, 201 Conn. 421, 431 (1986); Maher v. FOIC,192 Conn. 310, 315 (1984) and Wilson v. FOIC, 181 Conn. 324, 342
1980).
Section 26-157b relates to reports from persons licensed by the DEP, specifically commercial fishing licensees. It would CT Page 2387 require a liberal construction of this exemption to cover all documents voluntarily reported to the DEP. A construction limited to reports from the Department of Agriculture licensee shellfish harvesters is also not apparent from the statutory language, and at odds with the public policy favoring disclosure.
The DEP also asserts the claim that the reports are exempt pursuant to § 1-19b(5) as "commercial or financial information given in confidence, not required by statute."
Prior to considering the merits of the 1-19b(5) exemption claim, the respondents FOIC and Errico raise a procedural issue.
The complaint to the FOIC was filed with that agency on October 13, 1995. A hearing was held on February 27, 1996 before an FOIC hearing officer, Commissioner Carolle Andrews. The DEP at the hearing only raised the § 26-157b(c) claim; neglecting to mention the § 1-19b(5) exemption.
The hearing officer issued a proposed decision (R. #18) dated June 20, 1996 rejecting the § 26-157b(c) claim. The proposed decision was transmitted to the parties on July 3, 1996 with notice of the Commission's intent to consider and dispose of the matter at its July 24, 1996 meeting. The parties were allowed to file briefs or written memoranda of law prior to the meeting and afforded ten minutes for oral argument (R. # 18). This procedure is in accordance with § 4-179 of the Uniform Administrative Procedure Act (hereinafter UAPA). Section 4-179 provides that when a majority of agency members who are to render a final decision have not heard the evidence, the proposed final decision transmittal followed by "briefs and oral argument" must be followed.[1] The DEP asserted the § 1-19b(5) exemption after the proposed final decision and hearing, but before the final agency action.
Respondents assert a waiver of such claim by the DEP.
The court finds that under the facts of this case the §1-19b(5) claim must be considered.
In the first instance the DEP action is not a waiver of a legal right. At the most it is an initial mistaken reliance on one claim of exemption. "Waiver is the intentional abandonment of a known right." Brown v. Employer's Reinsurance Corp.,206 Conn. 668, 675 (1988). "Waiver is the voluntary relinquishment of a CT Page 2388 known right. It involves the idea of assent, and assent is an act of understanding . . . intention to relinquish must appear. . . ." Mackey v. Aetna Life Ins. Co., 118 Conn. 538. 547-48 (1939) Also see, Phoenix Mutual Life Ins. and Soares v. MaxServices, Inc., 42 Conn. App. 147, 175 (1996).
The procedure required by § 4-179 specifically permits a party to file briefs and make oral arguments which would necessarily include legal claims.
What appears to be envisioned by § 4-179 is the review of the evidentiary factual findings and the legal basis of a proposed decision. There is no reason to preclude a party from making a legal claim on the basis of the existing evidentiary record under § 4-179. A party may not introduce evidence before the full commission or successfully argue legal claims for which there is no evidentiary basis: however, a legal claim apparent from the record is appropriately argued pursuant to § 4-179.
In this case a cursory review of the form provided by the shellfish harvestors is sufficient to invoke the exemption (R. #14). Specifically requested as to each species of shellfish are number of bushels landed and dollar value. This information is clearly "commercial or financial information." The information is also "given in confidence" and "not required by statute." No statute requires the shellfish harvester to provide such information to the DEP and it is solicited under a pledge of confidentiality (R. #16). The overwhelming irrefutable evidence establishes the applicability of the § 1-19b(5) exemption to these individual reports.
The UAPA provides in § 4-183 (j) that the court shall affirm the agency decision unless it finds that substantial rights of the appellant have been prejudiced because the decision is "(1) In violation of constitutional or statutory authority of the agency."
The FOIC violates § 1-19b(5). The DEP has been ordered to reveal information of a commercial and financial nature which it solicited under a pledge that "individual reports are strictly confidential." The DEP could be exposed to potential liability for the violation of such commitment. Accordingly, the appeal is sustained. CT Page 2389
Pursuant to UAPA § 4-183 (k) the court finds that the individual reports from shellfish harvesters are exempted from disclosure pursuant to law (§ 1-19b(5)). The FOIC is ordered to modify its decision and exempt such reports from public disclosure.
McWeeny, J.