[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff was the prime concrete contractor on the University of Connecticut Law Library construction project which was managed by the defendant State of Connecticut Department of Public Works (DPW).
The plaintiff by letter of May 19, 1995, claimed monies due under the contract for time delays on the project. High Point Rendel (HPR) was a consultant to the DPW. The DPW's legal counsel, requested that HPR evaluate the plaintiff's project claims. HPR provided its preliminary findings and recommendations to DPW in a report dated November 20, 1995.
The plaintiff by letters of May 22, 1996, and July 30, 1996, requested a copy of the HPR report pursuant to the Freedom of Information Act (FOIA), General Statutes § 1-19. In responses of May 29, 1996, and August 5, 1996, the DPW denied the requests and asserted that the HPR was exempt from disclosure under General Statutes § 1-19 (b)(4)[1] of the FOIA.
The plaintiff challenged the denial of the HPR report by a complaint to the Freedom of Information Commission (FOIC), which is empowered under § 1-21i to enforce the FOIA. The complaint is dated August 26, 1996 and was filed on August 28, 1996. A CT Page 9305 hearing on such complaint was held by an FOIC hearing officer on January 23, 1997. In a decision approved by the FOIC on August 13, 1997, the HPR report was found to be exempt under § 1-19
(b)(4).
The plaintiff, pursuant to General Statutes §§ 1-21i(d) and 4-183, filed this administrative appeal on September 26, 1997. The answer and record were filed on January 22, 1998. Briefs were filed by the plaintiff on February 23, 1998, by the DPW, April 7, 1998, and the FOIC on April 9, 1998. The court heard oral argument on June 16, 1998.
In its brief the plaintiff challenges the legal and factual conclusions in the decision. The court finds the issues for the defendants and dismisses the appeal.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183 (j) provides that "[t]he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record."
Furthermore, "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." Conn. Light Power Co. v. Dept. of Public UtilityControl, 219 Conn. 51, 57-58 (1991). Similarly, "[w]ith regard to questions of fact, it is [not] the function of the trial court . . . to retry the case or to substitute its judgment for that of the administrative agency." Id. "The question is not whether the trial court would have reached the same conclusion but whether the record before the commission supports the action taken." Hospital of St. Raphael v. Commission on Hospitals Health Care, 182 Conn. 314, 318 (1980).
"Judicial review of [an administrative agency's] action is governed by the Uniform Administrative Procedure Act (General Statutes, c.54, 4-166 through 4-189), and the scope of that CT Page 9306 review is very restricted . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [administrative agency] . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citations and internal quotation marks omitted.) Board of Education v. Freedom of InformationCommission, 208 Conn. 442, 452 (1988).
"Cases that present pure questions of law, however, invoke a broader standard of review than is ordinarily involved in deciding whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . . Furthermore, when a state agency's determination of a question of law has not previously been subject to judicial scrutiny . . . the agency is not entitled to special deference. . . . [I]t is for the courts, and not administrative agencies to expound and apply governing principles of law." (Citations omitted; internal quotation marks omitted.)Connecticut Light Power Co. v. Texas-Ohio Power Inc.,243 Conn. 6351, 642-43 (1998).
"The Freedom of Information Act expresses a strong public policy in favor of the open conduct of government and free public access to government records." Wilson v. FOIC, 181 Conn. 324,328-29 (1980). "The general rule under the Freedom of Information Act is disclosure with exceptions to the rule being narrowly construed." New Haven v. FOIC, 205 Conn. 767, 774 (1988);Superintendent v. FOIC, 222 Conn. 621, 626 (1997); Perkins v.FOIC, 228 Conn. 158, 167 (1993). The party asserting a claimed exemption to the FOIA must meet the burden of proof to establish the applicability of the exemption. Ottochian v. FOIC,221 Conn. 393, 397 (1992); Rose v. FOIC, 221 Conn. 217, 232 (1992); Maherv. FOIC, 192 Conn. 310, 315 (1984).
At the FOIC hearing, the DPW introduced the plaintiff's letter of May 19, 1995 (Return of Record (ROR), pp. 36-41), requesting from the DPW additional costs on the project of $445,657.08. The FOIC found that on June 3, 1996, the plaintiff, pursuant to General Statutes § 4-61, submitted a demand for arbitration of its claim on the law school library project. (ROR, p. 23, Demand for Arbitration.) The FOIC found that the arbitration constituted a "pending claim" and "pending litigation" within the meaning of General Statutes § 1-19 (b) (4), 1-18a (g)[2] and 1-18a (h)(1).[3] (ROR, p. 124, Final CT Page 9307 Decision.)
The FOIC conducted an in camera inspection of the HPR report and concluded it pertained to strategy and negotiations with respect to the pending arbitration. (ROR, p. 124, Final Decision.)
The plaintiff notes the absence of a specific finding that the May 19, 1995 letter was a "pending claim" and argues that its May 29, 1996 request preceded the arbitration demand of June 3, 1996. However, finding number 2 accurately characterizes the plaintiff's action of May 19, 1995: "by letter dated May 19, 1995. The complainant . . . submitted certain construction delay claims . . . to the [DPW] requesting payment of amounts alleged to be outstanding for work performed." (ROR, p. 123, Final Decision.) Such finding is consistent with the definition of pending claim found in the General Statutes § 1-18a(g): "Pending claim" means a written notice to an agency which sets forth a demand for legal relief. . . . " The plaintiff on May 19, 1995, set forth a written notice of a demand for extra payments based on its contract. The letter (ROR, pp. 36-37) makes repeated reference to the contract terms and documents, thus asserting a claim for legal (contractual) relief. The plaintiff argues that since its May 19, 1995 letter does not threaten suit it is not a pending claim. Clearly, however, § 1-18a(g) contains a disjunctive clause preceding the threat of action requirement. The written notice of a demand for damages under a contract is sufficient under § 1-18a(g) to constitute a "pending claim."
The FOIC and this court reviewed in camera the requested document and it clearly relates to strategy and negotiations with respect to the plaintiff's University of Connecticut Law School Library pending claim. Stamford v. Freedom of InformationCommission, 241 Conn. 310 (1997). The task letter to HPR indicates that HPR would do a claim analysis: "including all of the cause and effect relationship entitlements and damages which shall be outlined in a detailed report prepared for the Office of the Attorney General." (ROR, p. 42, as corrected pursuant to motion to correct record granted April 21, 1998.) The requested report thus constituted the strategy of the lawyer representing the DPW in defense of the plaintiff's claim.
The decision is affirmed and the appeal is dismissed. CT Page 9308
Robert F. McWeeny