[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, State of Connecticut Department of Public Health ("Department"), brings this appeal from a decision of the Freedom of Information Commission ("Commission"), which ordered the Department to disclose certain records to the intervening CT Page 13554 defendant Tracy A. Marlow, and found the Department in violation of the Freedom of Information Act ("FOIA"), General Statutes § 1-200 [formerly General Statutes § 1-18a].
This administrative appeal is brought pursuant to the Uniform Administrative Procedure Act ("UAPA"), General Statutes §§4-166 et seq., 4-183. The decision was issued by the Commission on May 29, 1998, and the plaintiff timely filed its appeal on July 13, 1998. The answer and record were filed on October 26, 1998. Briefs were filed by the plaintiff on December 29, 1998 and by the defendant on March 3, 1999. The parties were heard in oral argument on June 17, 1999.
The facts underlying this case are not substantially in dispute. On September 5, 1997, Marlow requested from the Department copies of all records or files "related to any investigation conducted by [the] department of the Childcare Center of Stamford, Inc. and/or any of its employees." (Return of Record ("ROR"), Item 1, p. 3.) The Department, by letter of September 9, 1997, acknowledged receipt of the September 5, 1997 request. (ROR, Item 1, p. 4.) Marlow, by letter of September 5, 1997 filed with the Commission on September 17, 1997, appealed to the Commission claiming that the Department violated the FOIA by not providing copies of the requested records. (ROR, Item 1, p. 1.) The Department, by letter of September 30, 1997, provided Marlow with thirty pages of records responsive to his request. (ROR, Item 5, Complaint's Exhibit A, p. 15.) These records constituted information pertaining to issues other than child abuse or neglect.[1] The Department did not disclose to Marlow records of two complaints, which the Commission reviewed in camera. (See In Camera Records, pp. 1-39.) The in camera records, pertaining to issues of child abuse or neglect, are public records and the issues in this case relate to whether such records are exempt from disclosure. The Commission determined that the requested records were not exempt from disclosure under FOIA. In the present appeal, the plaintiff asserts that the records at issue, pertaining to child abuse or neglect, are exempt from disclosure. The court finds that such records are in fact exempt from disclosure under state law, General Statutes §§ 17a-101k and 1-210.
The resolution of the issue of access to these records involves the construction of a matrix of statutory provisions. The basic provision of the Freedom of Information Act is found in General Statutes § 1-210 [formerly § 1-19 (a)] which CT Page 13555 provides, in relevant part: "Except as otherwise provided by any federal law or state statute, all records maintained are kept on file by any public agency, whether or not such records are required by any law or by any rule or regulation, shall be public records and every person shall have the right to inspect such records promptly during regular office or business hours or to receive a copy of such records in accordance with the provisions of section 1-212. Any agency rule or regulation, or part thereof, that conflicts with the provisions of this subsection or diminishes or curtails in any way the rights guaranteed by this subsection shall be void. . . ." The overarching legislative policy of the FOIA is "the open conduct of government and free public access to government records." Wilson v. Freedom ofInformation Commission, 181 Conn. 324, 328 (1980); Maher v.Freedom of Information Commission, 192 Conn. 310, 315 (1984);Chairman v. Freedom of Information Commission, 217 Conn. 192, 196
(1991). "The general rule under the [FOIA] is disclosure with the exceptions to this rule being narrowly construed." (Brackets omitted.) Perkins v. Freedom of Information Commission,228 Conn. 158, 167 (1993); Superintendent of Police v. Freedom ofInformation Commission, 222 Conn. 621, 626 (1992); Rose v.Freedom of Information Commission, 221 Conn. 217, 233 (1992); NewHaven v. Freedom of Information Commission, 205 Conn. 767, 775
(1988).
The confidentiality of reports of child abuse or neglect is established by General Statutes § 17a-101k which provides, with respect to reports or child abuse or neglect: "The information contained in the reports and any other information relative to child abuse, wherever located, shall be confidential subject to such statutes and regulations governing their use and access as shall conform to the requirements of federal law or regulations." General Statutes § 17a-101k(a).
Specific statutory conditions also exist with respect to reports to the Department of concerns relating to child daycare centers and family daycare homes. General Statutes §§19a-87a(d) and 19a-87e(e). Complaints to the Department are specifically covered under § 19a-87a(d), which provides: "Any person having reasonable cause to believe that a child day care center or a group day care home is operating without a current and valid license or in violation of regulations adopted under section 19a-79 or in a manner which may pose a potential danger to the health, welfare and safety of a child receiving child day care services, may report such information to the Department of CT Page 13556 Public Health." The Commission found that the records at issue constitute records obtained by the Department in connection with investigations of reports or complaints within the meaning of §§ 19a-87a(d) and § 19a-87e(e). (ROR, Item 19, Final Decision, p. 115, ¶ 14.)
The essence of the Commission's decision in ordering the release of the records relating to an investigation of child abuse or neglect is that use and access provisions of §§19a-87a(d) and 19a-87e(e) allow the release of records otherwise confidential under § 17a-101k. The claims of both the plaintiff and the Commission are dependent on the construction of the sentence of § 17a-101k which provides: "The information contained in the reports and any other information relative to child abuse, wherever located, shall be confidential subject to such statutes and regulations governing their use and access as shall conform to the requirements of federal law or regulations."
The Department claims that the records relate to child abuse and are thus confidential "wherever located." The Commission's position is that the records, though they relate to child abuse and are confidential, are subject to use and access provisions of §§ 19a-87a(d) and 19a-87e(e) and are thus disclosable. The court agrees with the Department that confidential records relating to child abuse or neglect are not made publicly disclosable by §§ 19a-87a(d) and 19a-87e(e).
At the outset, the court notes the "standard of review for all of the plaintiff's claims on appeal. Because [the court is] reviewing the decision of an administrative agency, [the court's] review is highly deferential. . . . Ordinarily, this court affords deference to the construction of a statute applied by the administrative agency empowered by law to carry out the statute's purposes. . . . [A]n agency's factual and discretionary determinations are to be accorded considerable weight by the courts. . . . Cases that present pure questions of law, however, invoke a broader standard of review than is ordinarily involved in deciding whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . . Furthermore, when a state agency's determination of a question of law has not previously been subject to judicial scrutiny . . . the agency is not entitled to special deference. . . . [I]t is for the courts, and not administrative agencies, to expound and apply governing principles of law. . . ." (Citations omitted; internal quotation CT Page 13557 marks omitted.) Bezzini v. Dept. of Social Services,49 Conn. App. 432, 436 (1998).
"In interpreting statutes, our analysis is guided by well established principles of statutory construction. Our fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to discern that intent, [the court] look[s] to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter. . . ." (Brackets omitted; citations omitted; internal quotation marks omitted.) In re Eden F., 250 Conn. 674, 690 (1999). According to the rules of statutory construction, the court shall not "construe a statute in a manner that will . . . thwart [the legislature's] intended purpose or lead to absurd results. . . . . [The court] must avoid a construction that fails to attain a rational and sensible result that bears directly on the purpose the legislature sought to achieve. . . . If there are two possible interpretations of a statute, [the court] will adopt the more reasonable construction over one that is unreasonable. . . ." (Citations omitted; internal quotation marks omitted.) Badolato v. New Britain, 250 Conn. 753, 757 (1999).
The court construes the conditioning of confidentiality requirement in § 17a-101k, as amended by Public Act 1997, No. 97-319, § 16, as recognizing the limited disclosure responsibility of the Department of Children and Families ("DCF"), as opposed to opportunities for public disclosure of child abuse records. Specifically, § 17a-101j(b) requires DCF to notify the Department if, after investigation, DCF has reasonable cause to believe abuse and/or neglect has occurred at a facility licensed by the Department of Public Health. Public Act 97-259, § 9 provides that in accordance with §17a-101j, DCF is to notify the Commissioner of Public Health regarding information concerning substantiated complaints of incidents of abuse or neglect at licensed daycare facilities. The Commissioner of Public Health is then obligated to compile a listing of the information and of complaints received and substantiated by the Department of Public Health concerning licensed daycare facilities during the prior three years. The resulting disclosure to the Department and the absence of such use and access confidentiality exception could constitute a breach of confidentiality. The resulting directory listing is CT Page 13558 available to the public.
The Department persuasively argues that the listing requirement does not require the disclosure of all records related to even substantiated complaints of abuse and/or neglect at licensed daycare facilities. Pursuant to P.A. 97-259, § 9, the information contained in the listing may not identify children, families, staff members or employees of any licensed facility or any person residing in the household of a person licensed . . . ." The specific exclusion of such identifying data and the legislature's use of the term "listing" supports a construction that, what are otherwise confidential records, remain essentially confidential. Clearly, the policy underlyingP.A. 97-259, § 9 is to provide general information to the public concerning daycare facilities, not the details of specific incidents of abuse or neglect. The existence of substantiated complaints of child abuse or neglect is relevant and valuable information to the public. The important policy underlying the confidentiality of victims of child abuse or neglect is preserved and the purpose of P.A. 97-259 is accomplished by a listing of substantiated incidents, as opposed to disclosure of otherwise confidential records.
In addition, the plaintiff argues that in camera records, pages 1-25, do not constitute records of a substantiated complaint of child abuse. The court finds that regardless of whether the complaints were substantiated or unsubstantiated, the records relate to child abuse or neglect and are expressly made confidential pursuant to § 17a-101k.
This construction of the confidentiality provisions of §17a-101k does not refute the use and access provisions of §§19a-87a(d) and 19a-87e(e).[2] Such statutes specifically provide: "All records obtained by the department in connection with any such investigation shall not be subject to the provisions of section 1-210 for a period of thirty days from the date of the petition or other event initiating such investigation, or until such time as the investigation is terminated pursuant to a withdrawal or other informal disposition or until a hearing is convened pursuant to chapter 54, whichever is earlier." The Commission construed these provisions as mandating the disclosure of records related to child abuse or neglect.
Sections 19a-87a(d) and 19a-87e(e) were applicable to CT Page 13559 investigations of daycare centers and family home daycare centers for statutory and regulatory violations other than child abuse and neglect cases. The regulatory scheme for such daycare centers includes licensing requirements. General Statutes §§ 19a-87c
and 19a-87. Licensing violations may have nothing to do with child abuse or neglect issues. Similarly, regulatory provisions relating to staffing and employee background checks are not only directly related to child abuse or neglect. Such investigations would not be subject to the confidentiality provisions relating to child abuse or neglect records contained in § 17a-101k. A more harmonious construction of § 19a-87 would recognize that the disclosure time table contained in the sections relates to investigations which do not involve complaints of child abuse and/or neglect.[3]
In its brief, the Commission argues that the "requested records" do not contain information relative to abuse, and thus, § 17a-101k does not apply. This was not the basis of the Commission's decision. The Commission specifically found that "the in camera records . . . constitute records of a substantiated complaint of child abuse or neglect." (ROR, Item 19, Final Decision, p. 116, ¶ 16.) Applying the substantial evidence rule the court finds that the in camera records do in fact pertain to issues of child abuse or neglect.
The Commission also argues that federal law does not mandate that records relating to child abuse and neglect are confidential. Whether or not such confidentiality is required under federal law it is specifically required under state law; § 17a-101k(a) "[t]he information contained in the reports and any other information relating to child abuse, wherever located, shall be confidential. . . ." Once again, the significance of the policy is evident by the imposition in § 17a-101k of sanctions of fine of up to $1,000 or imprisonment for up to one year.
The appeal is sustained and the matter is remanded to the Commission for the Commission shall vacate its disclosure order and findings that the Department of Public Health violated the Freedom of Information Act.
So ordered, pursuant to General Statutes § 4-183 (k).
Robert F. McWeeny, J. CT Page 13560