[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case is an administrative appeal of a decision of the Freedom of Information Commission (hereinafter "FOIC") in a contested case (FIC Docket # 1997-068). The appeal is brought under authority of General Statutes §§ 1-21i(d) and 4-183(b) of the Uniform Administrative Procedure Act (UAPA), § 4-166
et seq.
The parties to this appeal include the plaintiffs, the Chairman of and the Board of Education for the Town of Darien. The defendants are the FOIC and Walter J. Casey who initiated the underlying proceedings before the FOIC.
Mr. Casey on January 1, 1997 requested of the plaintiffs pursuant to the Freedom of Information Act (FOIA) "copies of all records related to the Board of Education's evaluation of Darien's Superintendent of Schools, Ms. Eileen Gress." (Return of Record (ROR), Item 1, p. 2.) The denial of the request prompted Mr. Casey to complain to the FOIC on February 23, 1997. A hearing on the complaint was held by the FOIC on July 23, 1997 before hearing officer Clifton A. Leonhardt, Esq. Mr. Casey participated in the hearing as did the plaintiffs through their chairperson and legal counsel. The hearing officer issued a proposed decision on September 18, 1997. The FOIC on October 22, 1997, adopted the proposed decision as its final decision. Notice of the final decision was transmitted on October 24, 1997.
The plaintiffs filed this appeal on December 1, 1997. The answer and record were filed on March 10, 1998. Briefs were filed by the plaintiffs on May 26, 1998 and FOIC on July 13, 1998. The parties were heard in oral argument on November 17, 1998. At oral argument the court ordered the plaintiffs to submit the requested documents for in camera inspection pursuant to § 1-21i(d).
The FOIC decision ordering disclosure rejected the plaintiffs' claim that the evaluation records were exempt from disclosure under the personal privacy exception of § 1-19(b)(2) of the FOIA. The decision is based on the inability of the plaintiffs to assert the personal privacy exception as to the superintendent's CT Page 13312 evaluation; and alternatively, the inapplicability of the exception to the evaluation of the superintendent. The plaintiffs' appeal is based on the assertion of the § 1-19(b)(2) exemption. The court finds the issues for the FOIC and Mr. Casey.
Section 1-19(b)(2) provides in pertinent part:
 Nothing in sections 1-15[1], 1-18a[2], 1-19
to 1-19b, inclusive and 1-21 to 1-21k, inclusive shall be construed to require disclosure of . . . (2) personnel or medical files and similar files the disclosure of which would constitute an invasion of personal privacy. . .
(Footnotes added.) General Statutes § 1-19(b)(2).
The overarching legislative policy of the FOIA is "the open conduct of government and free public access to government records." Wilson v. Freedom of Information Commission,181 Conn. 324, 328 (1980); see also Maher v. Freedom of InformationCommission, 192 Conn. 310, 315 (1984), Chairman v. Freedom ofInformation Commission, 217 Conn. 193, 196 (1991). "The general rule under the [FOIA] is disclosure with exceptions to this rule being narrowly construed." (Brackets omitted.) Perkins v. Freedomof Information Commission, 228 Conn. 158, 167 (1993);Superintendent of Police v. Freedom of Information Commission,222 Conn. 621, 626 (1992); Rose v. Freedom of InformationCommission, 221 Conn. 217, 232 (1992); New Haven v. Freedom ofInformation Commission, 205 Conn. 767, 775 (1988).
It is without question that the evaluation records at issue are an "employee's personnel or medical files and similar files." General Statutes § 1-20a(b). When such records are requested, the FOIA directs a procedure:
Section 1-20a(b) states:
 Whenever a public agency receives a request to inspect or copy records contained in any of its employees' personnel or medical files and similar files and the agency reasonably believes that the disclosure of such records would legally constitute an invasion of privacy, the agency shall immediately notify in writing (1) each CT Page 13313 employee concerned, provided such notice shall not be required to be in writing where impractical due to the large number of employees concerned and (2) the collective bargaining representative, if any, of each employee concerned. Nothing herein shall require an agency to withhold from disclosure the contents of personnel or medical files and similar files when it does not reasonably believe that such disclosure would legally constitute an invasion of personal privacy.
The FOIA further provides in § 1-20a(c):
 A public agency which has provided notice under subsection (b) of this section shall disclose the records requested unless it receives a written objection from the employee concerned. . .
The FOIC decision specifically found as follows:
 15. It is found that no evidence was introduced at the hearing to show that notice was given to the superintendent pursuant to § 1-20a(b), G.S., despite the mandatory language of said subsection, and also that no evidence was introduced at the hearing to show that the superintendent did, in fact, object to disclosure of the evaluation records.
 16. It is therefore concluded that §§ 1-20a(c) and 1-20a(b), G.S., contemplated that the right to assert the invasion of personal privacy exemption was placed in the employee whose privacy is at issue, and the respondents who failed to give the statutorily required notice to the employee do not have standing to assert the exemption. For this reason alone, the respondents' claim to the invasion of personal privacy exemption fails, and in the absence of meeting the burden of proving an exemption, the evaluation records should be disclosed.
(ROR, Item 8, p. 56.)
The FOIC decision addresses the plaintiffs' standing to raise a legal claim, the personal privacy exemption of § 1-19b(2); not the plaintiffs' aggrievement. The plaintiffs, in that they are subject to potential criminal sanctions under § 1-21K(b) CT Page 13314 of the FOIA, are aggrieved by the FOIC decision. State Library v.Freedom of Information Commission, 240 Conn. 824, 834 (1997).
The distinction between aggrievement and standing to raise a specific legal claim was articulated in United Cable TelevisionServices Corp. v. Dept. of Public Utility Control, 235 Conn. 334,342-43 (1995) and New England Cable Television Assn., Inc. v.DPUC, 247 Conn. 95, 104-05 (1998). In these cases, cable television competitors were aggrieved by agency decisions as to level playing field challenges under § 16-331(g); but lacked standing to challenge other alleged violations of § 16-331.
 We concluded that those statutory obligations of the department are meant to protect the public at large and not the interests of individual competitors. An existing competitor, not being within the zone of interests protected, has no standing to raise claims as to the general fitness of an applicant. . . The plaintiff has standing only to raise claims regarding the terms of competition pursuant to § 16-331[g], and has no standing to raise claims pursuant to § 16-331(b), (d) or (h). . . In United Cable Television Services Corp. , while recognizing the holding in State Medical Society v. Board of Examiners in Podiatry, supra, 203 Conn. 295, to the effect that competitors may be aggrieved by the action of an agency that subjects them to unfair or illegal competition, we concluded that standing for such claims in the case of incumbent cable operators arises exclusively from § 16-331(g). That is to say, their claim is limited to allegations that the new competitor's terms, being more favorable, are unfair, and, consequently, are illegal pursuant § 16-331(g) solely because they are unfair. They cannot claim that the terms of a competitor's certificate of public convenience and necessity are illegal on other statutory grounds. United Cable Television Services Corp. v. Dept. of Public Utility Control, supra, 344, 346.
(Brackets omitted; citation omitted; emphasis in original; internal quotation marks omitted.) New England Cable TelevisionAssn., Inc. v. DPUC, supra, 247 Conn. 104-05. CT Page 13315
The zone of interests protected by § 1-19b(2) is clearly the interest of the individual employee in the disclosure of information from his/her personnel, medical or similar file which are not a matter of legitimate public interest and would be highly offensive to the employee's personal privacy. This is evident when we consider the procedure established by § 1-20a(b) and (c); the plain language and purpose of § 1-19b(2); and the comprehensive definition of "invasion of personal privacy" articulated in Perkins v. Freedom of InformationCommission, supra, 228 Conn. 169.
Perkins looked to the tort standard, § 652D of the Restatement (Second) of Torts, which notes: "It is only when the publicity given to him is such that a reasonable person would feel justified in feeling seriously aggrieved by it, that the cause of action arises." Perkins v. Freedom of InformationCommission, supra, 228 Conn. 173. The plaintiffs' concerns with the convenience of process or their evaluative opinions is not within the zone of interests of personal privacy protected for employees' personnel, medical or similar files.
The FOIC thus correctly determined that the plaintiff had no standing to assert the § 1-19b(2) exemption. The absence of any evidence in the Record of the employee's objection to disclosure would constitute a failure of plaintiff to bear its burden of proof as to the application of the exemption. Ottochianv. Freedom of Information Commission, 221 Conn. 393, 397 (1992);Rose v. Freedom of Information Commission, supra, 221 Conn. 232;Maher v. Freedom of Information Commission, supra, 192 Conn. 315.
The decision also appropriately finds that the invasion of personal privacy standard articulated in Perkins, supra, was not met by the plaintiffs. Perkins requires that for the § 1-19b(2) exemption to apply, the claimant must establish both that the requested information is not a legitimate matter of public concern and that the disclosure of such information would be highly offensive to a reasonable person. At the hearing, the plaintiffs' only witness testified that there was nothing in the evaluation that was highly offensive to a reasonable person. An in camera inspection of the evaluation documents leads the court to the same conclusion.
The decision in finding ¶; 19, determined that the evaluation records did pertain to legitimate matters of public CT Page 13316 concern. The record reveals that the chief executive officer for public education in Darien was only retained by a 5-4 vote, which was a local issue of great public concern.
The plaintiffs, required to establish both elements underPerkins, fail as to each.
The plaintiffs in contravention to the policy of strict application of FOIA exemptions seek judicial creation of an additional exemption for documents considered by an agency in executive session under § 1-18a(e). The policy of the FOIA favoring disclosure of public records can not be subverted by bootstrapping into an exemption for executive session discussion, public records under 1-19(a).
The provision of § 10-151c exempting from public records disclosure teacher evaluations is not applicable to the employee at issue here, the superintendent of schools.[3]
The decision is affirmed an the appeal is dismissed.
Robert F. McWeeny, J.